McBRIDE v. COLEMAN, RECEIVER, ET AL.

[No. 22,691. Filed December 19, 1919.]

1. APPEAL.—*Recall and Change of Mandate.—Judicial Power.*— The Supreme Court has power during the term, when it discovers error, to inquire whether its mandate has been acted upon and, if it has not, to resume jurisdiction and supersede and change the mandate, since the court is not deprived of its inherent power to correct errors during the term by the statutory limitation upon the parties relative to petitions for rehearing and transfer. p. 11.

2. APPEAL.—*Recall and Change of Mandate.—Judicial Power.*— Where, in an appeal of a claim filed in a receivership, the Supreme Court improperly denied a transfer from the Appellate Court, the action of the former in setting aside the denial of the transfer

and recalling the mandate is not futile where it appears, by certificate of the clerk of the trial court, that the receivership is still pending, since the matter may be disposed of under a new opinion and mandate. p. 13.

3. RECEIVERS.—De Facto.—Compensation.—The appointment of a receiver by a court having jurisdiction of the parties and the subject-matter in a cause in which a receiver could properly be appointed, was not void because another court with like authority had previously acquired jurisdiction of the receivership, but constituted the person so appointed a de facto receiver, entitling him .to compensation for his services, for the time that he acted, out of the assets of the estate. p. 13.

From Marion Superior Court (97,826); *John J. Rochford*, Judge.

Action by Bert McBride against Richard M. Coleman, as receiver of the Independent Envelope Company, on his verified claim for services rendered as receiver under appointment of the circuit court. From a judgment disallowing the claim, the claimant appeals. *Reversed.*

*Smith, Remster, Hornbrook & Smith,* for appellant.
*Ryan, Ruckelshaus & Ryan,* for appellee.

TOWNSEND, C. J.—On February 10, 1915, appellant was appointed receiver for the Independent Envelope Company by the Marion Circuit Court. He acted as such receiver until January, 1916, when, pursuant to the mandate of this court in *Coleman* v. *Callon* (1915), 184 Ind. 204, 110 N. E. 979, he turned over the assets of said company to appellee, receiver for the same company by virtue of an appointment made by the superior court of Marion county. This court in the Coleman case, *supra,* held that the superior court was first to obtain jurisdiction to appoint.

The instant case is a claim filed by appellant in the latter receivership for pay for himself and his attor-

neys in the former receivership. The court denied appellant's claim and rendered judgment against him for costs. The error assigned is the overruling of the motion for a new trial: (1) The decision is contrary to law. (2) The decision is not sustained by sufficient evidence.

The claim shows that appellant performed valuable services for the estate. The undisputed evidence tends to prove this claim. So it is obvious that the *nisi prius* court was misled by the language of this court in the Coleman case, *supra,* wherein it was said on pages 207 and 208 that the appointment of appellant by the circuit court "was without authority and void." Nor is it strange that this should happen, for the Appellate Court has fallen into the same error; and so has this court, for on December 18, 1918, it denied transfer, and the mandate of the Appellate Court, affirming the judgment in this case, was sent down. On February 13, 1919, this court set aside this denial of transfer.

Now at this point we are met by objection from appellee that this court has no power to recall this mandate and take this cause up on a petition to transfer. Appellee contends that, when the mandate of the court has gone down, the power of this court over a cause ceases and that the lower court attaches, and nothing further can be done by us in the premises. To sustain this contention they rely particularly on *Ott* v. *Boring* (1907), 131 Wis. 472, 110 N. E. 824, 111 N. W. 883, 11 Ann. Cas. 857, and cases cited in that opinion. An examination of that opinion discloses that it is based, to some extent at least, on *Legg* v. *Overbagh* (1830), 4 Wend. (N. Y.) 188, 21 Am. Dec. 115. This case is not given the interpretation by the courts of

New York which the Wisconsin court places upon it. In *Franklin Bank Note Co.* v. *Mackey* (1898), 158 N. Y. 683, 51 N. E. 178, the New York court said: "There is a very general misapprehension as to the practice of the court on motions for reargument or to amend the remittitur. It is often erroneously assumed that after the filing of the remittitur in the court below, and order entered thereon, this court is deprived of all jurisdiction in the cause.   *   *   *   It is competent for this court to determine whether it will resume jurisdiction for any purpose, and, having decided to do so, it then requests the court below to return the remittitur so that reargument can be had or the remittitur amended, as the case may be. It is technically true that this court must be repossessed of the remittitur before an order made in the cause is effectual, but there is no objection to the return of the remittitur following the determination of this court to resume jurisdiction." The court further says: "This later practice of the court is not necessarily inconsistent with the earlier cases, which hold that this court has no jurisdiction to grant a reargument or an amendment of the remittitur after the remittitur is filed and *acted upon* in the court below." (The italics are ours.)

In the instant case the denial of transfer and order setting it aside were made at the same term of this court. It is well established that courts of general jurisdiction have power to set aside and correct their judgments at the same term; but it is contended that we, as a court of review, have no such power where the mandate has gone down. If there is any force in this contention, it must be based upon the proposition that jurisdiction cannot be in both courts

at the same time.  This anomaly does not of necessity follow.  This court certainly may inquire at the same term whether the lower court has acted upon its mandate and, in case it has not, may supersede that mandate and resume jurisdiction.  If this court has no such power, then an erroneous opinion reversing a judgment may be sent down to the lower court and even though this court discovers its mistake at the term, and even though this court may find out that the lower court has not acted upon the mandate, still nothing can be done to correct the mistake.  The trial in the lower court on this erroneous opinion must go on and, on a subsequent appeal, this court will be bound by its erroneous opinion as the law of the case.

We hold that this court has power during the term, when it discovers an error, to inquire whether its mandate has been acted upon and, if it has not, to resume jurisdiction and supersede and change its mandate.  The time given by statute for rehearing and petitions to transfer is a legislative limitation upon the parties, but it does not take away the inherent power of the court to correct errors during term.  Elliott, App. Proc. §550.

Appellee further relies on the following authorities from this state:  *Parker* v. *State* (1893), 133 Ind. 178, 216, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 657; *Dudgeon* v. *Bronson* (1902), 159 Ind. 562, 566, 64 N. E. 910, 65. N. E. 752, 95 Am. St. 315; *Hutts* v. *Bowers* (1881), 77 Ind. 211, 213; *Pittsburgh, etc., R. Co.* v. *Mahoney* (1897), 148 Ind. 196, 207, 46 N. E. 917, 47 N. E. 464, 40 L. R. A. 101, 62 Am. St. 503.  These authorities all sustain the proposition that time for rehearing is a legislative limitation upon the parties, and they also sustain the proposition that only par-

ties to the record may apply for a rehearing. This is exactly in line with the principle set out in Elliott's Appellate Procedure, §550. The first of the above cases, *Parker* v. *State,* is the only one in which the subject here under consideration is directly touched upon, and this seems to be rather a dissent by Judge Coffey to the reasoning of Judge Howard on the petition for rehearing. It will be observed that the difficulty that occurred to Judge Coffey's mind was that the lower court might have *acted upon* the mandate and the parties gone thence, and therefore a change of the mandate would be ineffectual. So far as the principal opinion on rehearing is concerned, the only question decided was whether the Attorney-General as *amicus curiae* could petition for a rehearing. There was no question before the court of its inherent power at the term to correct its error. But the principal opinion on rehearing discussed this subject as follows: "Although we do not think that the attorney-general can petition in this case as a party for a rehearing, yet we have no doubt that the case, like all others, is still before the court in case error or mistake has been made. The court may correct its own record, either on its own motion or on being advised of the mistake by any party in interest. In the case of *Board, etc.* v. *Brown,* 14 Ind. 191, a petition for a rehearing was filed more than sixty days after the decision. The court could not grant a rehearing, but it appearing that a decision had been rendered against one who had not been before the court, the court, on its own motion, granted a rule upon the other party to show cause why the decision should not be revoked. In *Taylor* v. *Elliott,* 52 Ind. 588, this court fully considered and decided its power to modify, correct, or set

aside its own decision in a proper case. In *Crowell* v. *Jaqua,* reported in 15 N. E. Rep. 242, this court set aside one opinion, on account of an inadvertent error, and substituted another in its place." We think this is a correct statement of the law.

In the instant case, we are informed by a certificate of the clerk of the lower court that, at the time of setting aside the denial of transfer herein, the receivership was still before the court. Therefore our action will not be futile. The whole matter is still in court, so that it may be disposed of under a new opinion and mandate.

2.

The appointment of appellant as receiver by the circuit court was not void, as was said by this court in the Coleman case, *supra.* An examination of that case shows that this language was inadvertent. On page 206 there is this language: "It is conceded that both courts had authority to appoint a receiver and the question narrows down to the proposition which court had first taken jurisdiction of the matter of the appointment of a receiver." Appellant was appointed receiver by a court that had jurisdiction of the parties and the subject-matter in a cause in which a receiver could properly be appointed. He was therefore a *de facto* receiver and, during the time that he acted, is entitled to be compensated for his services out of the assets of the estate. *Palmer* v. *State of Texas, etc.* (1909), 212 U. S. 118, 132, 29 Sup. Ct. 230, 53 L. Ed. 435; *Ford* v. *Gilbert* (1903), 42 Ore. 528, 71 Pac. 971.

3.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for a new trial.