AMERICAN TRANSPORT COMPANY, INC. ET AL. *v.* PUBLIC
SERVICE COMMISSION OF INDIANA ET AL.

[No. 29,508. Filed December 19, 1958. Rehearing denied
March 11, 1959. Mandate of previous opinion modified
May 22, 1959.]

*Gates & Gates,* of Columbia City, *Robert R. Batton, Batton, Harker & Rauch, Batton, Harker, Kiley & Osborn,* of Marion and *George W. Rauch,* of Chicago, Illinois, for appellants.

*Edwin K. Steers,* Attorney General and *Arthur H. Gemmer,* Deputy Attorney General, for appellee Public Service Commission of Indiana and its constituent members.

*Robert C. Smith, Cowan & Smith,* of Indianapolis, *John O. Campbell, Campbell, Gemmill, Browne, Ewer & Torrance,* of Marion, *Fansler, Fauvre, Dongus & Chambers* and *Gustav H. Dongus,* of Indianapolis, for appellee Marion Trucking Company, Inc.

LANDIS, C. J.—Appellants brought suit to set aside an order of appellee Public Service Commission granting to appellee Marion Trucking Company, Inc., certificates of public convenience and necessity as a common carrier over certain routes in this state.

Appellants are other operators of motor vehicles for

hire on the highways of this state and are holders of common carrier certificates of public convenience and necessity issued by appellee commission. Appellee Marion Trucking Company, Inc., is a holder of contract carrier permits issued by said commission, and in 1944 filed application with appellee commission to convert said contract certificates to common carrier certificates. After a hearing thereon appellee commission in 1945 entered an order granting appellee Marion Trucking Company, Inc., the common carrier certificates applied for.

Within 60 days thereafter, appellants filed suit to set aside such order of appellee commission, and the Parke Circuit Court, on October 22, 1951, vacated and set aside the previous order of said commission and adjudged that such order of the commission did not contain specific findings of facts upon which the order was based and were not therefore in conformity with the law. On October 25, 1951, the commission found that its previous order should be set aside and vacated and upon a review of the same evidence heard at the commission's previous hearing entered a finding of facts but again reaffirmed its order granting appellee Marion Trucking Company, Inc., the common carrier certificates applied for.

Appellants thereupon brought the instant action to vacate and set aside the order of the commission of October 25, 1951; and on June 29, 1956, the lower court after a trial entered finding and judgment against appellants. This appeal followed the overruling of appellants' motion for new trial.

On this appeal appellants contend among other things that the trial court's decision against them is contrary to law (1) as the order of the Public Service Commission is not founded on substantial evidence and

(2) for the further reason that said order of the commission does not contain specific findings of fact to support its conclusions as required by law.

We shall first consider the question of whether the order is supported by substantial evidence.

The evidence in support of appellee Marion Trucking Company's application to convert its contract-carrier permit to a common carrier certificate was solely the testimony of Mr. Wright, its vice-president and treasurer, and two exhibits, one being a balance sheet of appellee Marion Trucking Company, Inc., and the other a table showing its total pounds of freight carried, revenue interstate and intrastate, and net profit. (The testimony of a second witness, a Mr. Winder, was of no material significance.) There was no testimony or documentary evidence introduced by appellee Marion Trucking Company, Inc., to show that public convenience or necessity required the operation proposed by said Marion Trucking Company, Inc., or that the proposed operation would not unreasonably impair the existing public service of any authorized common carrier then adequately serving the same territory, as required by statute.[1] The testimony of Mr. Wright that the only change in intrastate operations would be that Marion Trucking Company, Inc., would operate under a common carrier tariff instead of under contracts filed with the commission, and that it was not proposing any new competition with other motor

---

1. Burns' §47-1217 (1952 Replacement), provides in part: "The applicant [for a certificate of public convenience or necessity] shall, at all times, have the burden of proving, by a preponderance of the evidence, except as hereinbefore provided, that public convenience and necessity requires the proposed operation, and that the proposed operation will not unreasonably impair the existing public service of any authorized common carrier, or common carriers by motor vehicle, or by railroad, steam or electric, then adequately serving the same territory." (Acts 1935, ch. 287, §7, p. 1412.)

carriers, was not sufficient to make out the necessary statutory showing of public convenience and necessity and that the proposed operation would not unreasonably impair the existing service of any authorized carriers then adequately serving the territory. The sheer weakness of Mr. Wright's testimony is glaringly apparent from his statement that he did not know the number of common carriers serving Route 1 (from Marion to South Bend) and did not know whether or not the present service over that route was adequate to the needs of the public.

Six witnesses testified for appellants in opposition to the application, and from an examination of their testimony we are unable to see how it could be considered as furnishing the required substantial evidence necessary to support the order of the commission. For example, Mr. Winder, president of American Transport Company, testified a diminution in the volume of business in an area served by his company would adversely affect the existing service of his company. Mr. Mathewson, president of Indianapolis and Southern Express, testified any more carriers would impair the tonnage of the operators then existing. Mr. Tredway, vice-president of Hancock Truck Lines, stated that in a certain area involved, there was not enough tonnage to give all carriers a decent amount of revenue. He further said that any common carrier gets a certain amount of tonnage and that they could not afford to lose any north-bound tonnage. Mr. Cheek and Mr. Buddy from other carriers testified in substance the granting of the application would add to their competition which Mr. Buddy said was not the case so long as appellee Marion Trucking Company, Inc., remained a contract carrier. Appellee has cited certain testimony of two of the six witnesses for the protesting carriers

as supporting the order of the commission, and we quote the substance of the pertinent testimony from the record in this respect, viz (Tr. p. 203):

Testimony of Mr. Cheek.

"Q. And if the only thing involved here is charging common carrier rates according to a tariff instead of contract rates according to contracts, it wouldn't affect you one way or another, would it?

"A. What is that question again?
(The reporter repeated the question.)

"A. The rates would have no effect on us, no.

"Q. Answer my question. It wouldn't have any effect on you one way or another, would it?

"A. I believe I answered that, didn't I?

"Q. No.

"MR. BORN: He would like for you to answer it yes or no.

"A. No."

Testimony of Mr. Buddy (Tr. pp. 207-209):

"Q. In the event this application were granted and this company were granted the authority which it is seeking in this application, what effect, if any, would that have upon the service that you are rendering now over and along the routes that you are authorized to serve?

"A. Rates would be equalized rather than having contract rates which would be lower. Other than that, I know of no other reason.

"Q. Would it have any effect on your business so far as the transportation of commodities is concerned if another common carrier were in the field?

"A. Just make another competitor.

"Q. In other words, do you consider the Marion Trucking Company at this time a competitor between Fort Wayne and points that you serve?

"A. Service they are now rendering, I wouldn't say that they are competitor; handling commodities we cannot handle."

(On cross examination.)

"Q. If all we are seeking to do here is to handle the same commodities at common carrier rates, it wouldn't affect you at all, would it?

"A. Not unless they would go out and solicit other business."

This quoted testimony is scarcely of any value in showing public convenience and necessity would be served by granting the application, and that it would not impair the existing service of authorized carriers adequately serving the territory. However, when such testimony is considered with the remainder of the testimony of the same witnesses, Mr. Cheek and Mr. Buddy, previously referred to herein, as well as that of the other witnesses for the protesting carriers and that offered by applicant, appellee Marion Trucking Company, Inc., it is plainly apparent the cited testimony of these witnesses is entirely insufficient to sustain the commission's order in favor of the application of appellee Marion Trucking Company, Inc., who had the burden of proof. The record is so obviously lacking in probative evidence that we must conclude the order of the commission is not supported by substantial evidence, and that the same must therefore be set aside.

As this cause must be reversed, we call attention also to the failure of the order of the commission to contain specific findings of fact to support its conclusions, as required by law.[2]

2. Burns' Ind. Statutes §54-112 (1951 Replacement), being Acts 1941, ch. 101, §5, p. 255, provides the Public Service Commission ". . . shall make its orders in such cases upon the facts impartially found by it. . . ." This court has many times held

The statements in the order in question as to what various witnesses testified to are not findings of ultimate facts. Lowe's Rev. of Works' Ind. Pract., Vol. 3, §53.24, p. 299; 2 Gavit Ind. Pl. and Pract., §432, p. 2365; F. W. & H., Ind. Trial and App. Pract. We should be able from an examination of the findings alone to ascertain whether the order is sustained by the findings but this we are unable to do. See: *Indpls. & So. Motor Exp., Inc.* v. *Pub. Serv. Comm.* (1953), 232 Ind. 377, 112 N. E. 2d 864; *Pub. Serv. Comm.* v. *Ft. Wayne U. Ry. Co.* (1953), 232 Ind. 82, 111 N. E. 2d 719; *Wabash Valley Coach Co.* v. *Arrow Coach Lines* (1950), 228 Ind. 609, 94 N. E. 2d 753.

Appellees have filed petition to dismiss this appeal contending the record brought here by appellants is technically insufficient to present the questions urged, but we hold against appellees in this regard.

The judgment of the trial court is reversed with directions to remand this cause back to the Public Service Commission for further proceedings.

Achor, Arterburn, Emmert and Bobbitt, JJ., concur.

## ON PETITION TO SUPPLEMENT MANDATE

LANDIS, C. J.—This court on December 19, 1958, handed down its opinion reported in 239 Ind. 453, 154 N. E. 2d 512, and therein reversed the judgment of the trial court rendered against appellants, with directions to remand this cause back to the Public Service Commission for further proceedings.

In our written opinion this court stated " . . . we must conclude the order of the commission [appellee

that this section of our statutes makes it mandatory for the commission to make impartial written findings of fact upon which an order of the commission may be predicated. See: *Indpls. & So. Motor Exp., Inc.* v. *Pub. Serv. Comm.* (1953), 232 Ind. 377, 112 N. E. 2d 864.

Public Service Commission] is not supported by substantial evidence, and that the same must therefore be set aside."

Appellant has filed petition for this court to supplement or effectuate its mandate (to which appellee has filed response) from which it appears that the trial court as it understood our mandate has reversed its judgment and remanded the cause to the Public Service Commission for further proceedings, but that the commission has not as yet to this date set aside its order.

There can be no question but that this court retains jurisdiction of the original cause for the purpose of effectuating its mandate. See: *McBride* v. *Coleman, Rec.* (1919), 189 Ind. 7, 11, 125 N. E. 449; *Union Trust Co. etc.* v. *Curtis* (1917), 186 Ind. 516, 524, 116 N. E. 916, 918; *International Shoe Co.* v. *Lacy* (1945), 116 Ind. App. 78, 79, 61 N. E. 2d 85, 86.

The mandate of the previous opinion is therefore modified to provide that the judgment of the trial court is reversed with directions to remand said cause back to the Public Service Commission and that said commission shall set aside its order forthwith.

The clerk is directed to certify this opinion forthwith to the court below.

Achor, Arterburn and Bobbitt, JJ., concur.

Jackson, J., not participating.

NOTE.—Reported in 154 N. E. 2d 512.

Petition to Supplement Mandate reported in 158 N. E. 2d 653.