BOARD OF MEDICAL REGISTRATION AND EXAMINATION
OF INDIANA *v.* ARMINGTON.

[No. 30,099. Filed December 19, 1961. Rehearing
denied January 24, 1962.]

*Edwin K. Steers*, Attorney General and *Thomas L. Webber*, Deputy Attorney General, for appellant.

*Albert W. Ewbank*, of Indianapolis, for appellee.

ARTERBURN, J.—This is an appeal from a judgment of the Madison Circuit Court in a proceeding for a review of the revocation of a license to practice medicine by the appellant, Board of Medical Registration and Examination of Indiana.

After a hearing the board found the appellee, Robert L. Armington, guilty of "gross immorality, in that, he is addicted to the use of narcotic drugs to an extent to render him unfit for the practice of medicine for a period covering the immediate past twelve (12) months." The finding, after a hearing, was made pursuant to Burns' §63-1306, which provides in part:

> " . . . If any person holding a license under the provisions of this act shall be guilty of any of the above enumerated acts or shall have procured a certificate or license by fraud or misrepresentation, said board may, after notice and hearing, revoke any license which has heretofore been or may hereafter be issued to him, together with the certificate upon which such license has been or may be issued."

One of the "above enumerated acts" is "gross immorality, or addicted to the use of liquor or drug habit to such a degree as to render him unfit to practice medicine or surgery."

The reviewing court, in a special finding, set aside the board's revocation and found specially that the plaintiff was not guilty of the gross immorality as charged; that he merely used narcotics for the relief of pain from an arthritic condition and that the finding

of the board was "without any substantial evidence to support it."

The Madison Circuit Court further found that (1) Dr. Eikenberry, a member of the board hearing the charges, was also the prosecuting witness who filed the affidavit initiating the charges against the appellee; that during the proceedings he cross-examined witnesses and then participated in the final deliberations and decisions of the board. The appellant asked a reversal on two major grounds: (1) that there was substantial evidence to support the action of the board in revoking the appellee's medical license and (2) that there was no prejudicial error in Dr. Eikenberry sitting as a member of the board.

The statute providing for the procedure with which we are concerned in this case states:

> "On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act . . ." Burns §63-3018, 1951 Replacement.

We therefore must review the evidence for the purpose of determining whether or not there is any substantial evidence to support the finding of the board. If there is, the court, upon review, may not disturb the board's decision. *Pub. Ser. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *Mann* v. *City of Terre Haute* (1960), 240 Ind. 245, 163 N. E. 2d 577; *Pub. Serv. Comm. of Ind. et al.* v. *Ind. Tel. Corp.* (1957), 237 Ind. 352, 146 N. E. 2d 248.

The evidence at the hearing showed that the appellee, when he was visited by a federal narcotic agent because of large numbers of prescriptions for

narcotics issued by the appellee, stated at the time that he had been taking the narcotic dolophine for the past three years; that he had been obtaining the drug by writing prescriptions for patients and picking up the dolophine at the drug store himself, using part of it and not delivering it all to the patients. He also ordered it on official forms and used the drug himself. He further stated that he had been using the drug for a series of ailments to reduce the pain. At the time he stated to the narcotic agent that he had a "narcotic problem". He also surrendered his special narcotic stamp and stated that he intended to leave "and place myself under the care of Dr. Gaston Herbert to cure my narcotic addiction." On this appeal the appellee contends that he really had no addiction; that a doctor in his defense so testified and further stated that the appellee had no "withdrawal symptoms."

However, in our review of the evidence, we cannot weigh or determine which set of evidentiary matters the hearing board should have accepted as the facts in this case. The administrative boards are generally utilized because of their special knowledge in a special field over which they have jurisdiction. We cannot substitute our judgment for that of the board in deciding matters which call upon the board to exercise its expert knowledge and skill if there is any substantial evidence to support the board's conclusions. 1 I. L. E. Administrative Law, §85; Davis, Administrative Law, pp. 893-894, §248; 42 Am. Jur., Public Administrative Law, §211, p. 633; 73 C. J. S., Public Administrative Bodies and Procedure, §207, p. 566.

In *Board of Medical Registration and Exam.* v. *Moore* (1947), 224 Ind. 621, 70 N. E. 2d 354 the same type of charge was involved as in this case: "gross

immorality". The specification was a violation of the Harrison Narcotic Act.

In the present case there is no evidence of a conviction of a violation of a narcotic law. We do not think that is necessary when the evidence as here shows violations of recognized standards of professional ethics and such a "narcotic problem" that the appellee cannot resist the temptations of abusing the use of prescriptions to procure the drug for his own use. The law as expressed in the above case is applicable here:

"The proof in this case against the appellee amounted to gross immorality as it shows a wilful, flagrant and shameful indifference to the obligation of the medical profession. . . ."

In that case the judgment of the trial court was reversed on the ground that the decision of the board was sustained by substantial evidence.

We believe substantial evidence existed here from which the board had the right to conclude that there was an addiction, at least to the extent that it rendered appellee "unfit for the practice of medicine". In view of the admissions of the appellee that he had a "narcotic problem" and which condition apparently influenced him in the use of prescriptions written for his patients for the purpose of securing narcotics for his own personal use, the board had the right to conclude that such a practice incapacitated the appellee to practice medicine.

It is to be noted that although the finding of the board is the present tense, that on March 30, 1960 the appellant "is" addicted to the use of narcotic drugs to an extent to render him unfit for the practice of medicine "for a period cover-

ing the immediate past *twelve (12) months."* The charge was filed approximately a month prior, on February 24, 1960 and therefore the finding of the board that he was so addicted in the present tense (at the time of the hearing, March 30, 1960) would extend back to a period of approximately eleven (11) months prior to the time of the filing of the charge (February 24, 1960). Therefore, although the finding is in the present tense, it covers eleven (11) months out of the twelve (12) month period named in the charge as filed. This appears to us to be substantial evidence sufficient to sustain the finding of the board.

The courts of this state, upon review of an administrative board's action, are not permitted to weigh the evidence and reach a result which satisfies them as to the weight thereof. Neither are we on appeal permitted to do so.

A wrong result was reached by the circuit court, since the decision of the board was sustained by substantial evidence.

We next take up the second question presented, namely, that Dr. Eikenberry, a member of the board who also filed the charges against the appellee, should not have participated in the deliberations of the board. Although the appellee was aware of the fact that Dr. Eikenberry had preferred the charges against him by reason of the notice he received from the board which stated such fact, appellee failed to make any prompt objection to the board member participating in the proceedings at the time of the hearing.

Much the same question that we have here was presented in *Thompson* v. *Ferguson* (1913), 180 Ind. 312, 102 N. E. 965. There it was contended that a county commissioner was disqualified from participating in a hearing for the improvement of a high-

way, on which petition the commissioner had affixed his own signature. The court in reviewing the matter stated: (p. 317)

" . . . But if it should be conceded that his interest was such as to require the application of the old maxim of the law, that no man can be the judge of his own cause, it would not render the proceedings of the board in which he participated void, but the utmost effect of his participation in the proceeding in any view of the matter would be to render the action of the board merely voidable. In such case the disqualification may be waived. It is the general rule that unless objection is made at the earliest opportunity to the right of the person claimed to be disqualified to act, it will be deemed to be waived."

In *Carr* v. *Duhme* (1906), 167 Ind. 76, 78 N. E. 322, this court said in a like case: (pp. 82-83)

"It was appellees' duty, if they desired to object to his acting because of interest, to make such objection at the earliest opportunity, and thereby prevent the accumulation of needless costs and the attainment of a fruitless result. If a party, knowing of a valid objection to a proceeding, neglects to avail himself of it, and stands by or participates therein until a result is reached adverse to his interests, it is but justice that he should bear the consequences which his own folly has suffered to occur. Appellees made no objection, but knowingly acquiesced in the appointment of viewers and in Taylor's subsequent participation in the proceedings and final judgment. The board should have been given an opportunity to correct its own errors while the matter was before it."

The record shows, and it was admitted in argument, that the appellee made no objections at the time of the hearing to the participation therein of Dr. Eikenberry, a member of the board. Having failed to make such objections, the appellee

cannot now, for the first time, raise the question of the right of such board member to serve during the hearing.

The judgment of the circuit court is reversed, with directions to affirm the finding and order of the board.

Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in result.

Achor, C. J., dissents with opinion.

## DISSENTING OPINION

ACHOR, C. J.—Notwithstanding the facts in evidence, as stated in the majority opinion, I am of strong conviction that under the record in this case the judgment of the trial court which set aside the order of the Board of Medical Registration and Examination of Indiana should be affirmed.

This conviction is based upon two primary considerations. 1) The decision in this case cannot be based merely upon an appraisal of the evidence most favorable to the determination of the Board. Rather, because the Board is required by law to state its findings of fact, we must look exclusively to the finding of fact as stated by the Board and determine whether that finding is sustained by the evidence. 2) In my opinion, the finding *by the Board as stated* and therefore controlling of its decision, is not sustained by the evidence.

*First:* The Board is required by statute[1] to state the facts upon which its order is predicated. We have

_____

1. "All issues of fact shall be considered and determined upon the record required to be made in conformity with this act [§§63-3001—63-3030], . . . Such agency shall make informal finding of facts which shall encompass the relevant facts shown by the

held that when made by a court such findings of fact should be so stated in order that, "We should be able from an examination of the findings alone to ascertain whether the order is sustained by the findings . . ." *American Transp. Co. v. Pub. Serv. Comm. of Ind.* (1959), 239 Ind. 453, 460, 154 N. E. 2d 512, 158 N. E. 2d 653. See: Ind. Sup. Ct. R. 1-7C. (1958 ed.) Likewise, if such findings of fact are made by an administrative board the findings should be stated in such a manner as to enable the trial court and this court, on review of the proceedings of the Board, to determine whether the facts considered by the Board, and upon which its decision is made to rest, are sustained by the evidence.

Consistent with such rule this court is not permitted to speculate as to whether the evidence may have been sufficient to sustain other findings of fact not found by the Board, upon which to support its decision. It occurs to me that this is the failure of the majority opinion. We are permitted only to examine the findings of fact *as stated by the Board* to determine whether or not the specific finding is sustained by the evidence.

The necessity of such a rule is demonstrated, in part, by the fact that in this case there is an obvious variance between the charge made against the appellee and the finding of fact made by the Board upon which it revoked the license of the appellee to practice medicine. This variance exists both as to the nature of the offense committed and the date thereof. The charge alleged that the appellee

---

evidence. Said finding of facts may be made by direct statement or by reference to the particular charges made in the complaint before such agency. . . ." Acts 1957, ch. 355, §3, p. 1033 [Burns' 1960 Supp. §63-3010]. *American Transp. Co. v. Pub. Serv. Comm. of Ind.* (1959), 239 Ind. 453, 154 N. E. 2d 512, 158 N. E. 2d 653.

was guilty of [a] "narcotic violation," [b] "self addiction to an extent to render him unfit for the practice of medicine," and [c] that such conditions existed "within the past twelve (12) months" prior to the filing of the charge. However, the Board made no finding as to the "alleged narcotic violation." It did not find that the appellee was guilty of *"self* addiction," as alleged. Neither did it find that either of said alleged offenses occurred "within the past twelve (12) months" prior to the date of the charge which was filed on February 24, 1960. Instead, the Board after a hearing on March 30, 1960, stated its finding in the present tense, as follows: "[H]e *is* guilty of 'gross immorality, in that, he *is* addicted to the use of narcotic drugs to an extent to render him unfit for the practice of medicine, for a period covering the *immediate past twelve (12) months.'"

*Second:* Being thus limited in our consideration to such finding the following primary issue remains. Is the finding *as stated by the Board* sustained by the evidence?

As noted above, the finding pursuant to the hearing on March 30, 1960, is stated in the present tense. For what reason the Board elected to rest its case upon a *present* addiction of the appellee we do not know. However, having done so, our consideration is limited to *this* finding of fact stated and relied upon by the Board. When we do so we find that there is no evidence in the record that the appellee was, on March 30, 1960, guilty of a narcotic drug addiction *in the present tense,* which is the clear declaration of the finding as stated by the Board. In fact, there is no evidence in the record of any use of narcotic drugs by the appellee or of his addiction thereto after December 22, 1959. (On that date he admitted

having "a narcotic problem," and voluntarily undertook treatment therefor.) On the contrary, all the evidence with respect to the use of such drugs or of his addiction after such treatment and prior to March 30, 1960, is in the negative. Whether or not appellee had been addicted to a narcotic drug at a prior time is not material under the finding of fact stated in this case. The evidence stands uncontradicted that appellee was not addicted to a narcotic drug on March 30, 1960, and had not been for the period covering "the immediate past twelve (12) months."

In this case the Board based its order upon a finding of fact which is not sustained by the evidence. Therefore, in my opinion the order of the Board was properly reversed by the trial court, whose judgment should be affirmed.

NOTE.—Reported in 178 N. E. 2d 741.