355 N.E.2d 269 (1976)
INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD ET AL., Respondents-Appellant,
v.
THE BOARD OF SCHOOL TRUSTEES OF THE WORTHINGTON-JEFFERSON CONSOLIDATED SCHOOL CORPORATION, Petitioner-Appellee.
No. 1-376A43.
Court of Appeals of Indiana, First District.
October 5, 1976.
Rehearing Denied November 1, 1976.
*270 Theodore L. Sendak, Atty. Gen., Daniel Lee Pflum, Deputy Atty. Gen., Richard J. Darko and Jonathan L. Birge of Bingham, Summers, Welsh & Spilman, Indianapolis, for respondents-appellant.
William M. Evans, Bose, McKinney & Evans, Indianapolis, for petitioner-appellee.
ROBERTSON, Chief Judge.
The Indiana Education Employment Relations Board (IEERB) brings this appeal from the judgment of the circuit court which reversed an order of the IEERB directing the Worthington-Jefferson School Corporation to reinstate three school teachers.
The issues upon appeal are whether the circuit court applied the correct standard of review to the findings of fact and order of the IEERB and whether the findings of fact and order of the IEERB were supported by substantial evidence in the record. We reverse and remand.
On May 8, 1974, three school teachers in the Worthington-Jefferson School Corporation filed a complaint with the IEERB alleging that the School Board had committed an unfair practice by refusing to renew their teaching contracts solely because of their exercise of rights conferred upon them by the Educational Employee Bargaining Act. IC 1971, 20-7.5-1-1 et seq. (Burns Code Ed.). The IEERB gave notice *271 to the School Board which filed an answer denying the allegations of the complaint. On July 3, 1974, a hearing examiner employed by the IEERB conducted an evidentiary hearing on the unfair practice complaint, and on August 27, 1974, the hearing examiner submitted his findings and conclusions resulting from that hearing. The hearing officer found that the teachers were discharged because of their collective bargaining activities, and thus determined that the School Board had committed an unfair practice as defined in IC 1971, 20-7.5-1-7(a)(1) and (3).[1] The hearing officer recommended that the IEERB enter an order directing the School Board to reinstate the three teachers. On March 3, 1975, the IEERB issued its final order adopting the hearing examiner's decision and ordering the School Board to reinstate the teachers.
On March 12, 1975, the School Board filed a petition for review of the IEERB order with the circuit court pursuant to the Administrative Adjudication Act. IC 1971, 4-22-1-1 et seq. (Burns Code Ed.). On September 17, 1975, the circuit court entered judgment ordering that the order of the IEERB requiring the reinstatement of the three teachers be set aside. The sole basis for the court's judgment was its finding that the order of the IEERB was not supported by substantial evidence.
The IEERB brings this appeal contending that the circuit court did not apply the correct standard of review in considering the decision of the IEERB and that the court erred in determining that the decision of the IEERB was not supported by substantial evidence.
IC 1971, 20-7.5-1-11 provides that a school employer or school employee, both defined within the Certificated Education Employee Bargaining Act, IC 1971, 20-7.5-1-1 et seq. (Burns Code Ed.), may file an unfair practice complaint with the IEERB. The IEERB, after giving notice to the party against whom the complaint is directed, then determines whether an unfair practice has in fact been committed. The section further provides that the IEERB's decision may be appealed in accordance with the Administrative Adjudication Act. IC 1971, 4-22-1-1 et seq. (Burns Code Ed.). IC 1971, X-XX-X-XX (Burns Code Ed.) provides as follows:
"Judicial review  Procedure.  On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act.
On such judicial review, if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.
If such court finds such finding, decision or determination of such agency is:
1. Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or
2. Contrary to constitutional right, power, privilege or immunity; or
3. In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or
4. Without observance of procedure required by law; or

*272 5. Unsupported by substantial evidence the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.
Said court in affirming or setting aside the decision or determination of the agency shall enter its written finding of fact, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment."
The circuit court set aside the IEERB order solely upon the ground that the order was not supported by substantial evidence. IC 1971, X-XX-X-XX(5).
As stated in the Administrative Adjudication Act, the review by the court of actions of an administrative agency is not a trial de novo, but is a review of the evidence appearing in the record made during the agency's proceedings which led to its determination. The proper scope of judicial review of an agency's decision has been consistently stated as follows:
"The board, not the court, determines the issues of fact. The court cannot weigh conflicting evidence which appears in the record of the board's hearing for the purpose of determining for whom it preponderates."
"If there is any substantial evidence to support the finding of the board, the court may not disturb the board's decision." Walden v. Indiana State Personnel Board (1968), 250 Ind. 93, 103, 235 N.E.2d 191, 197; See also: Indiana Alcoholic Beverage Commission v. Johnson (1973), Ind. App., 303 N.E.2d 64; Pendleton Banking Co. v. Dept. of Financial Institutions (1971), 257 Ind. 363, 274 N.E.2d 705; Indiana Alcoholic Beverage Commission v. Lamb (1971), 256 Ind. 65, 267 N.E.2d 161; Uhlir v. Ritz (1970), 255 Ind. 342, 264 N.E.2d 312; Board of Pharmacy v. Horner (1961), 241 Ind. 326, 172 N.E.2d 62; Board of Medical Registration & Examination v. Armington (1962), 242 Ind. 436, 178 N.E.2d 741.
The decisions leave no doubt that the reviewing court is forbidden to reweigh the evidence presented to the administrative agency.
"The record shows that the trial court reached its own conclusions as to the merits determined from the evidence presented and made its own special findings of fact, contrary to the decision of the administrative body. This the trial court has no right to do unless the evidence and finding of the administrative body is undisputed and uncontradicted and only one decision can follow. The trial court, in reviewing the administrative action, has no right to weigh conflicting evidence and choose that which it sees fit to rely upon. The statute gives this fact finding function to the administrative body." Dept. of Financial Institutions v. State Bank of Lizton (1969), 253 Ind. 172, 177, 252 N.E.2d 248, 251.
Several of the conclusions of law entered by the trial court in this case demonstrate that the court did not examine the record to determine if there was any substantial evidence to support the IEERB's order, but instead weighed the evidence and substituted its judgment for that of the IEERB. Two of those conclusions are as follows:
"1. The evidence and all reasonable inferences that can arise therefrom, before the Hearing Examiner, were not sufficient to establish by a preponderance of the evidence... ." (Emphasis ours.)
"3. All of the legitimate evidence shown in transcript and reasonable inferences flowing therefrom will as readily *273 support the hypothesis that non-renewal of the contracts was for legitimate reasons other than Union activities as the hypothesis that non-renewal was for the reason of Union Activities. Therefore, Respondents, Walton, Terrell and Hunter did not prove their petition by a preponderance of the evidence that Petitioner herein was guilty of `Unfair Practices', and thus the findings and conclusions were not supported by evidence of substantial value." (Emphasis ours.)
Each of these conclusions indicates that the trial court did not apply the correct standard of review, but instead weighed the evidence to determine in whose favor it preponderated. In a judicial review under the Administrative Adjudication Act, it is improper for the court to inquire whether either party prevailed by a preponderance of the evidence before the administrative agency for such an inquiry necessarily involves a weighing of evidence and, thus, invades the province of the administrative agency. Rather, the only relevant inquiry on the part of the trial court in considering factual issues decided by the agency is whether there is any substantial evidence to support the agency's determination. Department of Financial Institutions v. State Bank of Lizton, supra; Walden v. Indiana State Personnel Board, supra. Thus, the trial court erred in exceeding the statutory limits of judicial review of administrative agency decisions as defined in the Administrative Adjudication Act.
The second issue upon appeal is whether the decision of the IEERB that the School Board had committed an unfair practice was supported by substantial evidence. The factual issue before the IEERB was whether the three teachers had been discharged because of their collective bargaining activity. The IEERB determined that this activity was the reason for the discharged and ordered the teachers reinstated. In determining whether the decision of the IEERB was supported by substantial evidence, we examine the record only for the limited purpose of ascertaining if there is any evidence which would support the decision.
The record before the IEERB is replete with extensive testimony to support the conclusion that the teachers were discharged for their union activities. The following is a summary of that evidence.
All three of the discharged teachers, Walton, Terrell and Hunter, were officers in the Worthington-Jefferson Classroom Teachers Association (WJCTA) and were active in soliciting additional members, and there was evidence to show that the administration was aware of their involvement. The teachers were advised at different times by both the principal and superintendent that their WJCTA activities were not favored by the administration and might result in lower scores on their evaluations or even cost them their jobs. The teachers were encouraged to temper their association activities.
The school system had a previous history of discharging one teacher each school year, but in the year involved in this case, the contracts of four teachers were not renewed, and three of those four teachers were active in the WJCTA. The actions of the School Board resulted in the discharge of every non-tenured officer and leader of the WJCTA. Prior to being notified of their discharge, Walton, Terrell and Hunter had not been reprimanded or notified that their work was unsatisfactory. They were discharged at the earliest permissible and practicable date after the WJCTA had lost the election to decide which of two rival groups would be the teachers' exclusive representative. One of the reasons given by the School Board for not renewing the contracts was lack of adequate teaching skills. However, the evaluations of the three teachers indicated that two of the teachers had been highly rated by their principal in their teacher evaluations while the third had at least average skills. In addition to this evidence, the *274 record also shows that the school administration was hostile to the WJCTA activities and had encouraged the formation of the rival teachers' group. Teachers within the system had also been threatened with discharge if they filed an unfair practice complaint against the school administration.
The decision of the IEERB was supported by substantial evidence presented in the record.
In its argument that the trial court's decision should be affirmed, the School Board cites that body of case law which holds that the determination of whether to renew the contract of a non-tenured teacher is solely within the sound discretion of the school board and cannot be altered absent a clear abuse of that discretion. See, e.g., Joyce v. Hanover Community School Corp. (1971), 150 Ind. App. 296, 276 N.E.2d 549; Tilton v. Southwest School Corp. (1972), 151 Ind. App. 608, 281 N.E.2d 117. In the present case, the issue of whether non-tenured teachers were properly dismissed is presented in the context of the collective bargaining act. The act confers certain rights upon school teachers and specifically empowers the IEERB to determine if those rights have been infringed. Thus, the cases cited by the School Board are inapplicable in the present case.
The School Board has also attempted to raise on this appeal an issue of whether the IEERB has the power to order the reinstatement of a teacher under any circumstances. Since the trial court made no finding upon this matter, the question is not properly before this court on appeal.
Reversed and remanded for proceedings not inconsistent with this opinion.
LOWDERMILK and LYBROOK, JJ., concur.
NOTES
[1] IC 1971, 20-7.5-1-7(a)(1) and (3) provide as follows:

"(a) It shall be an unfair practice for a school employer to:
(1) interfere with, restrain or coerce school employees in the exercise of the rights guaranteed in section 6 [20-7.5-1-6] of this chapter.
.....
(3) encourage or discourage membership in any school employee organization through discrimination in regard to hiring or tenure of employment or any term or condition of employment."