375 N.E.2d 281 (1978)
THE BOARD OF SCHOOL TRUSTEES OF THE WORTHINGTON-JEFFERSON CONSOLIDATED SCHOOL CORPORATION, Appellant (Plaintiff below),
v.
INDIANA EDUCATION EMPLOYMENT RELATIONS BOARD, Franklin K. Dewald, As Chairman of the Indiana Education Employment Relations Board, and Steven Walton, Donald Terrell, and Billie Hunter, Appellees (Defendants below).
No. 1-1277 A 308.
Court of Appeals of Indiana, First District.
May 9, 1978.
*282 William M. Evans, Bose & Evans, Indianapolis, Harvey K. Ramsey, Ramsey & Black, Vincennes, for appellant.
Theodore L. Sendak, Atty. Gen., William G. Mundy, Deputy Atty. Gen., Indianapolis, Richard J. Darko, Jonathan L. Birge, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellees.
LOWDERMILK, Judge.

STATEMENT OF THE CASE
Plaintiff-appellant Board of School Trustees of the Worthington-Jefferson Consolidated School Corporation (School Board) appeals from a trial court judgment in favor of Defendants-appellees Indiana Education Employment Relations Board (IEERB), Frank K. DeWald, Steven Walton, Donald Terrell, and Billie Hunter, wherein the Knox Circuit Court affirmed the order of the IEERB, which reinstated Walton, Terrell, and Hunter to their positions as teachers, and was based upon the factual determination of IEERB that Walton, Terrell, and Hunter had been discharged as teachers because of their collective bargaining activities. This case was before this court once before, and was remanded to the trial court for the reason that the trial court used an improper standard of review in reaching its first decision. See Indiana Education Employment Relations Board et al. v. Board of School Trustees of Worthington-Jefferson Consolidated School Corporation (1976), Ind. App., 355 N.E.2d 269 (Worthington-Jefferson I).

FACTS
The underlying facts in this case were summarized in Worthington-Jefferson I, supra, at pages 270-271 of 355 N.E.2d, as follows:
"On May 8, 1974, three school teachers in the Worthington-Jefferson School Corporation filed a complaint with the IEERB alleging that the School Board had committed an unfair practice by refusing to renew their teaching contracts solely because of their exercise of rights conferred upon them by the Education Employee Bargaining Act. IC 1971, 20-7.5-1-1 et seq. (Burns Code Ed.). The IEERB gave notice to the School Board which filed an answer denying the allegations of the complaint. On July 3, 1974, a hearing examiner employed by the IEERB conducted an evidentiary hearing on the unfair practice complaint, and on August 27, 1974, the hearing examiner submitted his findings and conclusions resulting from that hearing. The hearing officer found that the teachers were discharged because of their collective bargaining activities, and thus determined that the School Board had committed an unfair practice as defined in IC 1971, 20-7.5-1-7(a)(1) and (3). The hearing officer recommended that the IEERB enter an order directing the School Board to reinstate the three teachers. On March 3, 1975, the IEERB issued its final order adopting the hearing examiner's decision and ordering the School Board to reinstate the teachers.
On March 12, 1975, the School Board filed a petition for review of the IEERB order with the circuit court pursuant to the Administrative Adjudication Act. IC 1971, 4-22-1-1 et seq. (Burns Code Ed.). On September 17, 1975, the circuit court entered judgment ordering that the order of the IEERB requiring the reinstatement of the three teachers be set aside. The sole basis for the court's judgment was its finding that the order of the IEERB was not supported by substantial evidence."
(Footnote omitted)
In Worthington-Jefferson I this court held that the proper standard of review by the circuit court of a factual determination by the IEERB would be to see whether there is any substantial evidence to support the agency's determination. It is improper for a circuit court to weigh the evidence and make de novo findings of fact where the administrative agency has already made its determinations of fact. Finding that the Knox Circuit Court improperly weighed the evidence and employed an improper *283 standard of review, this court, in Worthington-Jefferson I, remanded the case to the trial court.
Upon remand the Knox Circuit Court concluded that there was sufficient substantial evidence to support the IEERB's factual determination that Walton, Terrell, and Hunter were discharged as teachers because of their collective bargaining activities, and the court also held that the IEERB was invested by statute with the power to order the School Board to reinstate Walton, Terrell and Hunter to their former positions. The School Board now appeals the judgment of the trial court.

ISSUES
The issues which have been presented to this court on appeal are:
1. Whether, in this case, the decision of the United States Supreme Court, in Mount Healthy City School District v. Doyle (1977), 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471, requires a redetermination by the IEERB as to whether the school board would have decided not to renew the teaching contracts even in the absence of protected activity on the part of the discharged teachers?
2. Whether the IEERB has the statutory power to order the reinstatement of a teacher wrongfully discharged for engaging in activity protected under IC 20-7.5-1-1 et seq.?

Issue One
The School Board contends that the decision of the United States Supreme Court in Mt. Healthy, supra, requires the IEERB to determine whether a preponderance of the evidence showed that Walton, Terrell, and Hunter would have been meritoriously discharged even if they had not engaged in their statutorily protected collective bargaining activities. A discharged teacher was reinstated by a Federal District Court because his discharge by the school board was largely a result of his circumstantially injudicious use of his First Amendment right of free expression.
In Mt. Healthy, supra, the Court of Appeals affirmed, but the United States Supreme Court reversed the Court of Appeals and made the following statements in 97 S.Ct. at pages 575-576:
"A rule of causation which focuses solely on whether protected conduct played a part, `substantial' or otherwise, in a decision not to rehire, could place an employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing. The difficulty with the rule enunciated by the District Court is that it would require reinstatement in cases where a dramatic and perhaps abrasive incident is inevitably on the minds of those responsible for the decision to rehire, and does indeed play a part in that decision  even if the same decision would have been reached had the incident not occurred. The constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct. A borderline or marginal candidate should not have the employment question resolved against him because of constitutionally protected conduct. But that same candidate ought not to be able, by engaging in such conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of his decision.
* * * * * *
Initially, in this case, the burden was properly placed upon respondent to show that his conduct was constitutionally protected, and that this conduct was a `substantial factor'  or, to put it in other words, that it was a `motivating factor' in the Board's decision not to rehire him. Respondent having carried that burden, however, the District Court should have gone on to determine whether the Board had shown by a preponderance of the evidence that it would have reached the same decision as to respondent's reemployment *284 even in the absence of the protected conduct.
We cannot tell from the District Court opinion and conclusions, nor from the opinion of the Court of Appeals affirming the judgment of the District Court, what conclusion those courts would have reached had they applied this test. The judgment of the Court of Appeals is therefore vacated, and the case remanded for further proceedings consistent with this opinion." (Footnote omitted)
Mount Healthy, supra, is distinguishable from the case at bar on its facts. In Mt. Healthy, supra, the District Court held that the teacher's dismissal was substantially or largely due to his exercise of his First Amendment right of free expression. In the case at bar the IEERB, with slight modification, adopted the findings and decision of the hearing officer (Tr. p. 836). The hearing officer made the following findings:
"Not one of the three teachers had evaluations which would justify non-renewal for incompetence. The board was failing to renew an average of one teacher per year, then suddenly three who are WJCTA officers are all not renewed in one year. The only WJCTA officers who continued to be employed were Fines, a tenured teacher, and Bowers, who changed her allegiance to the WT. The fair inference to draw here is that there was an attempt to eliminate the WJCTA leadership once and for all time.
The reasons given for the non-renewals were pretexts and the real reason was Walton's, Terrell's and Hunter's WJCTA activities." (Tr. p. 199)
The only reasonable inference which can be drawn from IEERB's finding that the School Board's reasons for non-renewal were mere "pretexts" and that the "real reason" for the teachers' dismissal was their teachers' association activities is that the School Board, even without reference to the protected collective bargaining activities, had no justifiable reason to dismiss Walton, Terrell, or Hunter. Therefore, the IEERB, whether required to do so or not, met the test set forth in Mt. Healthy, supra.

Issue Two
The School Board contends that the IEERB is merely a fact finding body and has no power to issue a final order to a school board to reinstate a teacher. We agree.
No part of the Certified Educational Employee Bargaining Act, IC 1971, 20-7.5-1-1 (Burns Code Ed.), et seq., gives the IEERB the power to issue a final order reinstating a teacher who has been wrongfully discharged. In IC 1971, 20-7.5-1-11 (Burns Code Ed.) our legislature set forth the remedies which IEERB may impose, as follows:
"Unfair practices shall be remediable in the following manner:
(a) Any school employer or any school employee who believes he is aggrieved by an unfair practice may file a complaint under oath to such effect, setting out a summary of the facts involved and specifying the section of this chapter [20-7.5-1-1 - 20-7.5-1-14] alleged to have been violated.
(b) Thereafter, the board shall give notice to the person or organization against whom the complaint is directed and shall determine the matter raised in the complaint, and appeals may be taken in accordance with IC 1971, 4-22-1 [4-22-1-1 - X-XX-X-XX]. Testimony may be taken and findings and conclusions may be made by a hearing examiner or agent of the board who may be a member thereof. The board, but not a hearing examiner or agent thereof, may enter such interlocutory orders after summary hearing as it deems necessary in carrying out the intent of this chapter."
The IEERB is given power to issue interlocutory or temporary orders but not power to issue final orders of reinstatement. There is no ambiguity in the statute; the legislature simply did not give the IEERB the power to issue final orders for the reinstatement of teachers who had been wrongfully discharged. Such power cannot be implied, and it cannot be assumed by the IEERB in the absence of a specific grant of *285 such power by the legislature. See Monon Railroad Company v. Citizens of Sherwood Forest Addition, Marion County (1970), 146 Ind. App. 620, 257 N.E.2d 846, and Good v. Western Pulaski County School Corporation (1965), 139 Ind. App. 567, 210 N.E.2d 100; See also 1 I.L.E. Administrative Law and Procedure § 21.
Our holding that the IEERB is without power to make final orders of reinstatement necessarily leads to the conclusion that a wrongfully discharged teacher must seek reinstatement by seeking a preliminary injunction of reinstatement pending appeal of the IEERB's decision to the circuit court, such order to become permanent upon the affirmance of the IEERB's factual determinations in favor of the teachers. In the event that a School Board fails to pursue the appeal and fails to reinstate the wrongfully discharged teacher, an action for mandatory relief seeking reinstatement can be brought. In any event before the circuit court can order the preliminary injunction to be made permanent it must first review the evidence presented to the IEERB to determine whether such evidence was sufficient, as a matter of law, to support the factual determinations of the IEERB. In so doing the circuit court must not weigh the evidence, nor judge the credibility of witnesses.
By failing to give the IEERB the power to issue final orders of reinstatement, our legislature, by accident or by design, appears to have created a bipartite proceeding wherein an aggrieved teacher must first go to the IEERB to determine whether the school board has committed an unfair practice, within the meaning of IC 20-7.5-1-1, et seq., supra, and then the teacher must go to the courts to obtain a permanent remedy, based upon the IEERB's factual determinations. Although the circuit court utilizes its power of judicial review in affirming or reversing the factual determinations of the administrative agency, the court by using its inherent equitable powers may fashion a remedy to cure whatever injustice has taken place.
We have determined in the case at bar that, pursuant to IC 20-7.5-1-11, supra, the IEERB has power to enter interlocutory orders of reinstatement while the action is pending before the IEERB, but that the IEERB is without power to enter final and permanent orders of reinstatement. Therefore, although the Knox Circuit Court properly affirmed the factual determinations of the IEERB, the court erred in affirming the IEERB's final order of reinstatement. We, therefore, affirm the trial court's affirmance of the IEERB's factual determinations, and remand the cause to the trial court with instructions that the trial court enter an original order of mandatory relief reinstating Walton, Terrell, and Hunter to their respective teaching positions, and that the trial court give whatever other relief it deems to be just and equitable. Upon compliance with these instructions the judgment shall be in all things affirmed.
LYBROOK, P.J., and ROBERTSON, J., concur.