JAMESON CHEMICAL CO. LTD.,
Plaintiff-Appellant,

v.

Jack LOVE et al., Defendant-Appellee.

No. 1–1079A273.

Court of Appeals of Indiana,
First District.

May 5, 1980.

Wendell B. Iddings, Iddings & Whitsitt, Lebanon, for plaintiff-appellant.

Hollis Roy Martin, Martin & Wharry, Lebanon, for defendant-appellee.

RATLIFF, Judge.

■ The Court of Appeals has inherent power to correct, on its own motion, an error in a decision and an opinion it has handed down. *See State ex rel. Bradshaw v. Probate Court of Marion County*, (1947) 225 Ind. 268, 73 N.E.2d 769; *McBride v. Coleman*, (1919) 189 Ind. 7, 125 N.E. 449; *Hedgecoth v. Hedgecoth*, (1966) 139 Ind. App. 162, 217 N.E.2d 630. Accordingly, this court modifies its previous decision and opinion in this cause, which are reported at 401 N.E.2d 41.

■ In *Issue One* of our opinion, we considered the question of whether the trial court properly awarded $800.00 in attorney's fees to defendant-appellee Jack Love on his counterclaim.[1] Plaintiff-appellant Jameson Chemical Company, Ltd. argued on appeal that the trial court erred in awarding attorney's fees without their being demanded in the counterclaim or proven at trial. Love contended that the trial court properly exercised its discretionary powers in awarding attorney's fees pursuant to Title I of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, 15 U.S.C.A. §§ 2301 through 2312 (Supp. 1975–1979). Jameson did not question the applicability of the Magnuson-Moss Warranty Act to the transactions involved here, but in its reply brief it simply contended that, although the Act might authorize an award of attorney's fees, the award was improper here because the attorney's fees were neither pleaded nor proven.

We held in *Issue One* that the trial court committed reversible error in awarding attorney's fees, because there was no evidence of the amount of time which Love's attor-

1. In that same opinion, we affirmed the judgment in favor of Love on his counterclaim on the theory of breach of an implied warranty of merchantability on the Diathon coating he had purchased from Jameson.

ney had spent on the case. Our holding was based upon a portion of the Magnuson-Moss Warranty Act, found at 15 U.S.C.A. § 2310(d)(1) and (2), which provides as follows:

"(d)(1) Subject to subsections (a)(3) and (e) of this section, a *consumer* who is damaged by the failure of a *supplier, warrantor,* or service·contractor to comply with any obligation under this chapter, or under a written warranty, *implied warranty,* or service contract, may bring suit for damages and other legal and equitable relief—

(A) in any court of competent jurisdiction in any State or the District of Columbia; or

(B) in any appropriate district court or the United States, subject to paragraph (3) of this subsection.

(2) If a *consumer* finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." (Our emphasis.)

We observe that the Act defines "consumer" in the following manner in 15 U.S.C.A. § 2301(3):

"(3) The term 'consumer' means a buyer (other than for purposes of resale) of any *consumer product,* any person to whom such product is transferred during the duration of an *implied* or written *warranty* (or service contract) applicable to the product, and any other person who is entitled by the terms of such warranty (or service contract) or under applicable State law to enforce against the *warrantor* (or service contractor) the obligations of. the warranty or service contract)." (Our emphasis.)

"Warrantor" is given the following meaning in § 2301(5):

"(5) The term 'warrantor' means any *supplier* or other person who gives or offers to give a written warranty or who is or may be obligated under an *implied warranty.*" (Our emphasis.)

"Supplier" is defined as follows in § 2301(4):

"(4) The term 'supplier' means any person engaged in the business of making a *consumer product* directly or indirectly available to consumers." (Our emphasis.)

"Implied warranty" has been given the following particular meaning by § 2301(7):

"(7) The term 'implied warranty' means an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title) in connection with the sale by a supplier of a *consumer product.*" (Our emphasis.)

Further, "consumer product" is defined in § 2301(1) as follows:

"(1) The term 'consumer product' means any tangible personal property which is distributed in commerce and which is *normally used for personal, family, or household purposes* (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)." (Our emphasis.)

After giving careful consideration to the terms defined above, especially "consumer" and "consumer product," we have determined that the Magnuson-Moss Warranty Act is inapplicable to the particular facts of this case. Consequently, Love cannot rely upon 15 U.S.C.A. § 2310(d)(2) as authority to support an award of attorney's fees on his successful counterclaim.

Under Indiana law, " '[t]he right to recover attorneys' fees from one's opponent does not exist in the absence of a statute or some agreement, though a court of equity may, under some circumstances, allow attorneys' fees to be paid out of a fund brought under its control.' " *Gavin v. Miller,* (1944) 222 Ind. 459, 465, 54 N.E.2d 277, 280, as quoted in *Perry County Council v. State ex rel.*

*Baertich*, (1973) 157 Ind.App. 586, 590, 301 N.E.2d 219, 221. Neither the statutory, the contractual, nor the equity exception to the general rule is applicable here. Accordingly, we hold as a matter of law that attorney's fees are not recoverable by Love on his counterclaim.

In the CONCLUSION to our previous opinion, we reversed the judgment of the trial court only with regard to the award of attorney's fees, and we remanded the cause for further proceedings on that question. Because we hold today that Love cannot recover attorney's fees on his counterclaim, we hereby modify our previous decision and opinion, and we reverse the award of attorney's fees without remanding for further proceedings. In all other respects, our earlier decision and opinion stand as they were originally issued.

ROBERTSON, P. J., and NEAL, J., concur.