455 S.E.2d 720

O'SULLIVAN CORPORATION, et al., Appellants,

v.

Ethel M. TIMBROOK, Appellee.

Record No. 1110–94–4.

Court of Appeals of Virginia.

April 4, 1995.

**114**

Nate L. Adams, III, Winchester (Hall, Monahan, Engle, Mahan & Mitchell, on briefs), for appellants.

Robert S. Wasowski, Alexandria (Ashcraft & Gerel, on brief), for appellee.

Before KOONTZ and FITZPATRICK, JJ., and DUFF, Senior Judge.

On appeal after remand, O'Sullivan Corporation (employer) and Liberty Mutual Fire Insurance Company, employer's compensation carrier, contend the Virginia Workers' Compensation Commission (commission) erroneously awarded both temporary total disability benefits and temporary partial disability benefits to Ethel M. Timbrook. Employer argues that the awards exceed the mandate of this Court's prior opinion, which they contend limited any award to temporary partial disability benefits. See Timbrook v. O'Sullivan Corporation, 17 Va.App. 594, 439 S.E.2d 873 (1994). Employer further asserts that the commission erred in not holding an evidentiary hearing prior to entering an award under the mandate of our prior opinion. For the following reasons, we affirm the award made by the commission pursuant to our prior opinion and mandate.

I.

█ Relying on the dispositional sentence at the end of the opinion, which the clerk reiterated in the mandate, employer asserts that the commission was limited to granting an award of temporary partial disability benefits. See id. at 599, 439 S.E.2d at 876–77. Although that sentence contains a specific reference to temporary partial disability benefits, language elsewhere in the opinion clearly directs the reinstatement of all benefits to which the claimant was entitled. Accordingly,

assuming, without deciding, that the language of that sentence limited the power of the commission to make an appropriate award, we hold that the reference to temporary partial disability benefits was an inadvertent error and strike it from the opinion and corresponding mandate *nunc pro tunc.* *See Jameson Chemical Co. Ltd. v. Love,* 403 N.E.2d 928, 928 (Ind.Ct.App.1980) (holding that appellate courts have an inherent power to correct errors in an opinion previously handed down); *cf. Dorn v. Dorn,* 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981) (construing Code § 8.01–428(B) regarding similar authority for circuit courts).

## II.

■ We find no merit to employer's argument that the commission was required to reopen the record and hold an evidentiary hearing prior to issuing an order under the mandate of our prior opinion. While we recognize that the dissent to the original opinion of the commission questioned the method of calculating the amount of benefits owed to the claimant, that issue was not raised by employer in the prior appeal. *See* Rule 5A:21(b). Thus, the matter became *res judicata* and was not subject to reconsideration by the commission on remand. *Cf. Hall v. Hall,* 9 Va.App. 426, 428, 388 S.E.2d 669, 670 (1990) (holding that *res judicata* bars appeal of support award where failure to find spousal misconduct in a prior ruling granting the divorce was not timely appealed). Accordingly, the commission did not err in failing to reopen the record on its own motion.

Moreover, assuming that evidence concerning events occurring after the commission's original disposition could properly have been considered on remand, the record does not disclose any effort by employer, either in its motion for the commission to vacate and reconsider the order entered pursuant to the mandate from this Court or through a petition alleging a change in condition, to have the commission consider receiving additional evidence. Without a specific request to and ruling by the commission, the issue was not properly preserved for appeal. Rule 5A:18.

The commission's award of temporary total benefits from March 1, 1991 to August 15, 1991 and temporary partial benefits thereafter is affirmed. Nothing in this order shall prohibit employer from filing, subject to the limitations of the Code and the rules of the commission, an application for change in condition should circumstances warrant.

The appellants shall pay to the appellee damages according to law.

The clerk is directed to publish this order and certify it to the commission and all counsel of record.