TERRELL, Justice.
Appellant secured an A. B. degree from New York University, New York City, in 1939. He secured the degree of Doctor of Veterinary Medicine from Middlesex University at Waltham, Massachusetts, in 1945. He was licensed to practice veterinary medicine and surgery in Virginia and Massachusetts and has in fact practiced in the latter state since 1946. His application to take the examination to practice in this State was denied by the Board of Veterinary Examiners March 1952. This appeal is from an order of the Circuit Court of Leon County, overruling a motion for peremptory writ of mandamus commanding the Board of Veterinary Examiners to admit him to the examination notwithstanding the answer. The alternative writ was discharged.
Appellees abandoned in the court below and admit here that they do not contend that a certificate of proficiency in the basic sciences is a condition precedent to qualify one taking the examination to be licensed to practice veterinary medicine and surgery under the laws of Florida. This point disposed of, the only point for our determination is whether or not the requirement of Section 474.04, F.S.A., that one who takes the veterinary examination in this State shall be “a graduate of a veterinary college recognized by the American Veterinary Medical Association” constituted an unlawful delegation of legislative power.
Florida .Statutes, § 474.04, F.S.A., requires that all applicants who desire to take the examination to practice veterinary medicine and surgery in Florida shall make application in writing to the Board of Veterinary Examiners on blanks furnished by it, which application shall be accompanied by the required fee, the name of the School of Veterinary Medicine from which he graduated and that such school must be one recognized by the American Veterinary Medical Association. The Board of Veterinary Examiners of this State denied petitioner’s application to take the examination because the School of Veterinary Medicine of Middlesex University, Waltham, Massachusetts, was not among those qualified and recognized as meeting the standards prescribed by the American Veterinary Medical Association.
Appellant contends that such a requirement is arbitrary and invalid in that it constitutes an unlawful delegation of legislative power. We do not think there is any merit to this contention. We have approved the doctrine that the legislature may under the police power prescribe educational standards for those who desire to practice certain professions in this State. Such standards are well understood and recognized and to require that one who applies to take the veterinary examination in Florida be a “graduate of a veterinary college recognized by the American Veterinary Medical Association” is a reasonable and lawful requirement. Similar requirements have been imposed on those who take the examination to practice pharmacy, dentistry and law, they have a well-recognized meaning by those engaged in such professions or. businesses and have been upheld. Attwood v. State ex rel. Newman, Fla., 53 So.2d 825; Spencer v. Hunt, 109 Fla. 248, 147 So. 282; Ex parte State Board of Law Examiners of Florida, 141 Fla. 706, 193 So. 753, and Petition of Florida State Bar Association, 134 Fla. 851, 186 So. 280.
*770 These cases are in point with the case at bar and in our view serve as a complete answer to the question raised here. See also Allen v. State Board of Veterinarians, 72 R.I. 372, 52 A.2d 131; 41 Am.Jur., p. 164, Sec. 35; 70 C.J.S., Physicians and Surgeons, § 12, p. 849.
The judgment appealed from is therefore affirmed.
Affirmed.
MATHEWS, C. J., and SEBRING and ROBERTS, JJ., concur.