SUTTO v. BOARD OF MEDICAL REGISTRATION AND
EXAMINATION OF INDIANA.

[No. 30,051. Filed March 5, 1962.]

*Daily & Daily,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Thomas L. Webber,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant, Alfred Sutto, filed with appellee, Board of Medical Registration and Examination of Indiana (hereinafter referred to as the "Board"), under the provisions of Acts 1955, ch. 42, §5(b), p. 87, being §63-1330(b), Burns' 1961 Replacement, his application for license to practice chiropractic in the State of Indiana.

The application was denied and appellant petitioned the Superior Court of Allen County for a review of the decision of the Board as provided by the Administrative Adjudication and Court Review Act.[1] The cause was venued to the Huntington Circuit Court where the decision of the Board was affirmed, and the appeal here followed.

The errors assigned are (1) the decision of the trial court is not sustained by sufficient evidence and is contrary to law; and (2) the court erred in its Conclusions of Law numbered 1, 2 and 3.

We need consider only whether there was error in the conclusions of law to resolve the questions presented.

The record discloses that appellant, Alfred Sutto, filed his application with the Board for a license to

---

1. Acts 1947, ch. 365, as amended, being §63-3001, *et seq.,* Burns' 1961 Replacement.

practice chiropractic in the State of Indiana by reciprocity and without examination on the basis of a license heretofore issued to him by the Kentucky State Board of Chiropractic Examiners of the State of Kentucky.

The Kentucky license was issued to appellant pursuant to the provisions of the Kentucky statutes which required, as qualifications for the right to take an examination, that the applicant be a person of good moral character and a graduate from a chiropractic school or college giving a course of four academic years and requiring actual attendance of at least four thousand 45-minute academic hours in certain subjects, not including chemistry or bacteriology.

The transcript of credits of appellant from The O'Neill College of Chiropractic, Fort Wayne, Indiana, and appearing in the record as a part of applicant's Exhibit No. 1, shows: "TOTAL HOURS (60 Min.) 3200."

The Board denied appellant's application for license on the grounds that he had failed to submit satisfactory evidence that his Kentucky license had been issued under qualifications substantially equivalent to those specified in the Indiana law in that it was not shown that he was a graduate of a chiropractic college requiring four thousand *60-minute* hours of resident attendance instruction for graduation and in that he had not been examined in the subjects of bacteriology and chemistry.

The trial court found that the Kentucky license was based upon a written examination given by the Kentucky Board; that appellant was not examined in the subjects of chemistry and bacteriology, the Kentucky law not requiring an examination in these subjects; and that the Kentucky statute required that

an applicant for an examination must be of good moral character and a graduate of a chiropractic school or college giving a course of four academic years and requiring actual attendance of at least four thousand academic hours of 45-minutes each in certain required subjects, not including bacteriology and chemistry; and that the Board denied appellant's application for license to practice chiropractic in the State of Indiana on the grounds that he had failed to submit satisfactory evidence that his Kentucky license had been issued under qualifications substantially equivalent to those required by the statute of Indiana in that it was not shown that he was a graduate of a chiropractic college requiring four thousand hours of resident attendance instruction for graduation, and that he had not been examined in the subjects of bacteriology and chemistry in his examination by the Kentucky Board.

The trial court's conclusions of law which appellant asserts are in error are as follows:

"1) The petitioner [appellant] failed to establish or to submit satisfactory evidence to the Board that he had been licensed to practice chiropractic in another state under qualifications substantially equivalent to those specified by law for a license to practice chiropractic in Indiana.

"2) The Kentucky license issued to the petitioner was not issued to him under qualifications substantially equivalent to those required by law for a license to practice chiropractic in Indiana.

"3) That the final order of the Board of Medical Registration and Examination of Indiana denying the petitioner's application for a license to practice chiropractic in the State of Indiana was supported by competent and substantial evidence of probative value and that said Board did not err in denying petitioner's said application."

The parts of the Chiropractic Act of Indiana here pertinent are Acts 1955, ch. 42, §2(a), p. 87, being §63-1327(a), Burns' 1961 Replacement, which provides that any person 21 years of age and of good moral character is eligible to be licensed to practice chiropractic in the State of Indiana if he is a graduate of an incorporated chiropractic school or college teaching the science of chiropractic, and requiring for graduation at least four years and four thousand hours of resident attendance instruction in such school or college; and Acts 1955, ch. 42, §3(a), p. 87, being §63-1328(a), Burns' 1961 Replacement, which provides that applicants for license to practice chiropractic "shall be examined in the following subjects: Anatomy, chemistry, bacteriology, physiology, hygiene and sanitation, and pathology, before the board of medical registration and examination of Indiana; and shall be examined in the science of chiropractic therapeutics before the chiropractic member of said board. A passing grade in all subjects shall be seventy-five [75]"; and Acts 1955, ch. 42, §5(b), p. 87, being §63-1330(b), Burns' 1961 Replacement, *supra*, which provides that upon the payment of a fee of $100 an applicant may be granted a license, without an examination, providing he submits satisfactory evidence to the Board that he has been licensed to practice chiropractic in another State under qualifications *substantially equivalent* to those required in Indiana.

Three questions are presented which require our consideration.

1. What showing is required of the appellant, Alfred Sutto?

2. What is the function and duty of the Board?

3. What constitutes qualifications "substantially equivalent" to those specified in the Chiropractic Act of Indiana?

*First:* What must appellant show to entitle him to a license?

The burden is upon appellant, Sutto, to show that he had been licensed to practice chiropractic in another State under qualifications "substantially equivalent" to those specified in Section 2(a), *supra,* and Section 3(a), *supra,* of the Chiropractic Act of Indiana.

The Attorney General has stated fully and ably what an applicant for reciprocal license to practice chiropractic in Indiana must show in Opinion 28 (1958), O. A. G., p. 125, and we adopt his language as follows:

> "The record offered by the applicant for reciprocal license here in Indiana must therefore show that he is at least 21 years of age, of good moral character, has taken in the past a written examination in one of the other states in substantially the same subjects required in Indiana with a passing grade of at least 75% in each subject; at the time of such licensure he must have been a graduate of a school which at the time of his graduation required four years' of not less than four thousand hours of resident attendance instruction."[2]

*Second:* The function of the Board of Medical Registration and Examination of Indiana is to determine as a matter of fact whether the applicant has been licensed to practice chiropractic in another State under qualifications and requirements substantially equivalent to those provided by the Chiropractic Act of Indiana.

---

2. After April 1, 1959, an applicant for license to practice chiropractic in Indiana must have completed at least two years' (sixty semester hours) education in a college or university of learning accredited to grant a degree of bachelor of arts or bachelor of science, prior to his training and education in a school or college of chiropractic. Acts 1955, ch. 42, §2, p. 87, being §63-1327, Burns' 1961 Replacement.

Whether or not the qualifications and requirements provided by the law of the State where the applicant has previously been licensed are substantially equivalent to those required by the Chiropractic Act of Indiana is a question of fact to be determined by the Board.

Acts 1947, ch. 365, §18, p. 1451, being §63-3018, Burns' 1961 Replacement, provides, in part, as follows:

"On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed."

The decision of appellee, Board, on the question of whether or not the requirements and qualifications for licensing in the State of Kentucky are substantially equivalent to those required in Indiana is conclusive and binding upon the court, and it will not be disturbed if the Board has complied with the requirements of the statute, and its decision is supported by substantial evidence of probative value. *Achenbach et al.* v. *Review Board etc. et al.* (1962), 242 Ind. 655, 179 N. E. 2d 873; *Board of Medical Registration & Exam.* v. *Armington* (1962), 242 Ind. 436, 178 N. E. 2d 741, 743; *Bd. of Med. Reg. and Exam.* v. *Kaadt* (1948), 225 Ind. 625, 630, 635, 76 N. E. 2d 669; *State Board of Medical Registration etc.* v. *Scherer* (1943), 221 Ind. 92, 96, 97, 46 N. E. 2d 602.

*Third:* As hereinabove stated, the Board found that appellant had failed to show that the qualifications required by the State of Kentucky for a license to practice chiropractic were substantially equivalent to those required by the State of Indiana, and the trial

court sustained this finding by its Conclusion of Law numbered 2.

The Kentucky Act[3] requires "actual attendance of at least four thousand 45-minute academic hours, in anatomy, physiology, neurology, symptomatology, hygiene, sanitation, pathology, chiropractic analysis, philosophy, and the principles and practice of chiropractic"; while the Indiana Act requires "at least [4] years' and four thousand [4,000] hours of resident attendance"; §63-1327(a), *supra;* and that applicants for license shall be examined in the subjects hereinabove set out under §63-1328(a), *supra.*

We need only consider here whether "four thousand 45-minute academic hours" are substantially equivalent to "four thousand [4,000] hours of resident attendance instruction."

Neither the word "hours" nor the words "substantially equivalent" are defined in the Act and, therefore, they must be taken in their plain or ordinary and usual sense.

As used here the term "hours" refers to the period session of a class in a chiropractic school or college.

An hour in its common and usual sense is "sixty minutes of mean time." Webster's Third International Dictionary.

The record here shows that where chiropractic licenses have been granted by reciprocity, appellee-Board has required a showing of the completion of four thousand 60-minute hours and an examination with a passing grade of 75%. In all of these cases the school of which the applicant was a graduate certified at least four thousand 60-minute hours.

---

3. Acts 1946, ch. 182, §1, p. 512.

While the custom and practice of the Board in the interpretation and administration of the Chiropractic Act is not binding upon us, however, because the same interpretative rules and practice have been consistently followed by the Board, since the Act was put into effect, they are entitled to great weight as an aid in the interpretation of the statute by this court. *Bingham's Trust* v. *Commissioner of Int. Rev.* (1945), 325 U. S. 365, 371, 65 S. Ct. 1232, 89 L. Ed. 1670, 163 A. L. R. 1175; 3 Sutherland Statutory Construction (Horack) 3d Ed., §6605, p. 290.

No good and sufficient reason has been advanced why the Board's interpretation of the reciprocity provision of the Chiropractic Act of Indiana should be changed.

In our judgment the Legislature intended by the word "hours" as used in §63-1327, *supra,* to provide for four thousand 60-minute hours of resident attendance. If it had intended to require a class period of less than a full hour of sixty minutes it could have so provided by inserting before the words "hours" the lesser number of minutes intended. Since the Legislature did not see fit to do this, we cannot usurp its function by arbitrarily fixing a lesser number of minutes and say that the Legislature intended to provide for less than a 60-minute hour.

We have been furnished no authority defining the phrase "substantially equivalent," nor have we been able to find any by our own independent research. We shall then consider the two words of the phrase independently of each other.

"Substantially a true copy" was defined by this court in *Thomas* v. *The State* (1885), 103 Ind. 419, 426, 2 N. E. 808, as not a "full and exact copy, but rather a copy of the material and essential parts, or an abstract of them."

"Substantially" has also been defined as something which meets the requirements in its essential and material parts; *Town of Checotah* v. *Town of Eufaula* (1911), 31 Okla. 85, 96, 119 Pac. 1014, 1019; *Vannest* v. *Murphy* (1907), 135 Iowa 123, 127, 112 N. W. 236, 238; and as "material," "basic," and "essential." Roget's Thesaurus in Dictionary Form (Mawson).

"Equivalent" means "equal" or "identical" of equal value, force, import and effect. *Salt Lake County* v. *Utah Copper Co.* (1937), 10 Cir., 93 F. 2d 127, 132.

In our judgment the Legislature, when it used the phrase "substantially equivalent" in the context of the Chiropractic Act of Indiana meant that which is equal in value in essential and material requirements.

This brings us then to the question: Is four thousand 45-minute hours "substantially equivalent" to four thousand 60-minute hours?

It may readily be observed that a requirement of four thousand class periods of 45-minutes each, is only three-fourths or 75% as much actual time spent in class as would be spent in four thousand class periods of 60-minutes each, or one thousand hours less than is required by the Indiana Act.

Can we say that the qualifications of a State which require only 75% as much resident attendance in class as does Indiana are "substantially equivalent" to those required in this State? The question seems to provide its own answer.

Both the Board and the trial court were justified in finding that the Kentucky Act, which required only four thousand 45-minute hours of college training was not equal in value to the Indiana Act in one of its essential and material requirements, i.e., four thousand 60-minute hours resident attendance in class.

The decision of the Board rests upon a substantial foundation and the evidence here is not such as to compel reasonable men to reach a conclusion different from that reached by the Board, and its decision will not be disturbed.

For the foregoing reasons the trial court did not err in its conclusions of law and its decision is not contrary to law.

Judgment affirmed.

Achor, C. J., and Arterburn, J., concur.

Jackson, J., dissents with opinion in which Landis, J., concurs.

DISSENTING OPINION

JACKSON, J.—I disagree with the narrow interpretation of Acts 1955, ch. 42, §2, p. 87, being §63-1327 Burns' 1961 Replacement as expressed in the majority opinion.

Generally the term hours as used academically, is defined as a class or class hour or meeting of a class, for example a class may meet three times a week for a period of 40 to 60 minutes per class, but credit is given for three hours of class work.

The units of "four thousand (4000) hours of resident attendance instruction" expressed in the Indiana Act, and the Kentucky requirement of "actual

attendance of at least four thousand 45 minutes academic hours" are, in my opinion, only elastic units of time measurement equivalent to the measurement often expressed by the distaff side of the house in the phrase "in just a minute."

The *substantially equivalent* requirement of Acts 1955, ch. 42, §5(b), p. 87, being §63-1330(b), Burns' 1961 Replacement, in my opinion, does not have the effect given it by the majority opinion. The legislature, had it intended such meaning, would have used the words *the same* instead of the present wording of the statute. The majority opinion in effect nullifies the reciprocity provisions of the Act with those States who do not have the exact curriculum taught in Indiana.

I would reverse the judgment of the trial court.

Landis, J., concurs.

NOTE.—Reported in 180 N. E. 2d 533.