STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS — EDUCATIONAL REQUIREMENTS BY The general educational requirements as provided in Title 59 O.S. 396.3 [59-396.3](b) (1969), demand successful completion of sixty hours of study from an accredited college or university and that any equivalent must necessarily be comprised of an equal amount of educational training. The Oklahoma State Board of Embalmers and Funeral Directors may not accept embalming experience as college equivalency. The Attorney General has considered your request for an official opinion wherein you ask, in effect, the following questions: 1. What can the State Board of Embalmers and Funeral Directors determine to be an equivalent to sixty accredited college hours? 2. Can the Board accept embalming experience as college equivalency? Under the grant of authority given in Title 59 O.S. 396.3 [59-396.3](a) (1969), the State Board of Embalmers and Funeral Directors is authorized and empowered to determine the qualification necessary to enable a person to lawfully practice as a funeral director, embalmer, etc. The language of Title 59 O.S. 396.3 [59-396.3](a) (1969), is limited by Title 59 O.S. 396.3 [59-396.3] [59-396.3](b) (1969), which states: "(b) The minimum requirements for the issuance of a license to practice funeral directing or embalming, or both, in Oklahoma are as follows, to wit "Embalmer — such applicant shall be twenty-one years of age, a legal resident of Oklahoma, a citizen of the United States, and of good moral character, and in addition must have not less than sixty accredited hours of study from an accredited college or university or equivalent as determined by the Board, a graduate of an approved school of mortuary science, and said school of mortuary science cannot be less than twelve months' duration for — a prescribed course entitling an individual to graduation therefrom, and must serve one year as a registered apprentice . . . ." In Kaplan v. Dee, 77 So.2d 768
(Fla. 1955), the Florida Supreme Court held that "educational standards may be prescribed for those who desire to practice certain professions in the state." Black's Law Dictionary, revised 4th ed. (1968), page 636, gives the following definition of the word "equivalent" to wit: "Equal in value, force, measure, volume, power, and effect or having equal or corresponding import, meaning or significance; alike, identical." In 1963, the Legislature amended Section 59 O.S. 396.3 [59-396.3](b) and raised the general educational requirement from an accredited high school to the present minimum of sixty hours of college or university study. A "highschool equivalency certificate" was available as an equivalent to highschool graduation under the law as it existed until 1963. Having left the phrase "or equivalent as determined by the Board" intact in the 1963 revision suggests legislative foresight in realizing that there are alternatives to the actual attendance requirements that the sixty hours of college study infers. A look at the case law points out what has been and therefore may be accepted as "equal in value" to such study. In Sutto v. Board of Medical Registration and Examination, 242 Ind. Rep. 556, 180 N.E.2d 533, 537
(1962), the Supreme Court of Indiana stated: "Neither the word `hours' nor the words `substantially equivalent' are defined in the Act and, therefore, they must be taken in their plain or ordinary and usual sense." The Court, continuing at page 538, said: "This brings us then to the question: Is four thousand 45-minute hours `substantially equivalent' to four thousand 60-minute hours? "Both the Board and the trial court were justified in finding that the Kentucky Act, which required only four thousand 45-minute hours of college training was not equal in value to the Indiana Act in one of its essential and material requirements, i.e., four thousand 60-minute hours resident attendance in class " In Pennsylvania Board of Undertakers v. Cerankowski, 360 Pa. 88, 89, 61 A.2d 340 (1948), at page 341, the Supreme Court of Pennsylvania held that experience would not make up for failure to achieve graduation from an approved high school. In summarily dismissing the appeal, the Supreme Court of Pennsylvania said: "The record contains nothing to support a finding that the appellant had a highschool education or its equivalent." As a highschool equivalency certificate serves as an equivalent to highschool graduation, so may credit received under the Advanced Standing Testing Programs now offered at many colleges or universities replace in whole or in part the requisite 60 hours of college or university study. A given university may also accept many forms of institutionalized study as "equal in value" to a given university course(s). Where educational training other than in actual college course would be "deemed equal" in value to the successful completion of a college course, then this Board may accept such training as an equivalent. Title 59 O.S. 396.3 [59-396.3](a) (1969), authorizes the Board to prescribe the rules and regulations that are determinative of whether the applicant has fulfilled the general educational requirement. These rules and regulations must not ignore the legislative minimums and in addition they must be applied uniformly and reasonably to all applicants. Therefore, in answer to your first question, it is the opinion of the Attorney General that the general educational requirements as provided in Title 59 O.S. 396.3 [59-396.3](b) (1969), demand successful completion of 60 hours of study from an accredited college or university and that any equivalent must necessarily be comprised of an equal amount of educational training. Your second question is answered in the negative. The Oklahoma State Board of Embalmers and Funeral Directors may not accept embalming experience as college equivalency. (W. Howard O'Bryan Jr.)