370 So.2d 1168 (1979)
Joshua A. FREEDMAN, Petitioner,
v.
STATE BOARD OF ACCOUNTANCY, State of Florida, Respondent.
No. 77-2386.
District Court of Appeal of Florida, Fourth District.
January 31, 1979.
Michael B. Small, of Small, Oakes, Vosko, Clark & Meyer, Palm Beach, for petitioner.
James S. Quincey and Samuel Hankin, of Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for respondent.
BERANEK, Judge.
Petitioner here seeks review of a final order of the Florida State Board of Accountancy denying him a reciprocal certificate of accountancy.
The petitioner attended Temple University in Philadelphia at night over a period of five years earning a total of 56 semester hours. Approximately 124 semester hours *1169 are required for a bachelor's degree. He was issued a certificate of accountancy from Temple in 1945 and took a two-part CPA exam in Pennsylvania in 1947 and 1949 receiving passing grades of 75 and 69. Petitioner practiced a number of years in Pennsylvania and moved to Florida in 1973. He sought a reciprocal certificate of accountancy here in Florida from the State Board of Accountancy in 1976. This was denied.
The Board based its denial upon the statutory requirement that an applicant for reciprocal certificate be "a graduate of at least a four-year accredited college or university course." § 473.08(1)(c), 473.201(1)(b) Fla. Stat. After this denial, petitioner requested a hearing pursuant to § 120.57 Fla. Stat. An order was subsequently entered allowing the Board to amend its denial to include a second basis  failure to obtain a score of 75 on the second part of the Pennsylvania exam. After hearing, a recommended order was entered by the Hearings Officer and subsequently adopted by the Board in the final order here challenged. This order denied petitioner a reciprocal certificate based on lack of a baccalaureate degree and the score on part II of the Pennsylvania exam. This petition for certiorari challenges these two grounds for denial and additionally challenges the timeliness of the Board's final order.
Freedman alleges that the requirement of a baccalaureate degree is not specifically contained in the statutes; thus the Board's denial was arbitrary and improper. Florida Statute § 473.08 provides that an applicant for taking the CPA exam must be:
"(c) A graduate of at least a 4-year accredited college or university;
"(d) At the time of application, has qualified for a degree with a major in accounting or has completed such courses as would constitute a major in accounting as determined by the board. .. ."
The statutes further provide that applicants for reciprocal certificates must meet all the requirements in effect, at the time of application, for applicants to take the Florida exam. § 473.201(1)(b) Fla. Stat. Petitioner maintains that "degree" doesn't mean bachelor's degree or, at least, that such a definition is not specified in the statutes. It is, of course, a basic rule of statutory construction that words of common usage, when used in an enactment, should be used in their plain and ordinary sense. Tatzel v. State, 356 So.2d 787 (Fla. 1978). The common ordinary meaning of "graduate of a four year college" and "qualifying for a degree in accounting" would seem to require a bachelor's degree in accounting. This petitioner did not have.
Petitioner relies upon a recent case from the First District, Wasserman v. Florida State Board of Architecture, 361 So.2d 792 (Fla. 1st DCA 1978). Wasserman found unconstitutional the statute governing the admission to practice architecture. The Board of Architecture in denying Mr. Wasserman's application to practice found that he did not possess a degree from an "approved" school as required by statute. F.S. 467.08. In a lengthy opinion by Judge Boyer, the statute is held unconstitutional for permitting unbridled discretion on the part of the Board in deciding whether a school is approved. This discretion amounted to an unlawful delegation of legislative authority. Here, the statute regulating accountant qualification allows the Board considerable discretion by providing:
"(4) The board shall have the authority to establish the standards for determining and shall determine:
(a) What educational institutions offer a 4-year accredited college or university course." 473.08 Fla. Stat.
The accreditation of Temple University, petitioner's school, was never at issue nor questioned by the Board. The controversy centered not on who granted the degree but on whether, in fact, there was a "four year degree" at all. While the statute regulating accountants may indeed suffer from some of the same constitutional infirmities as did the statute in Wasserman, we need not and specifically do not decide this issue. It is another basic rule of construction that courts should not pass upon the constitutionality of a statute if the case may be *1170 effectively disposed of on other grounds. Singletary v. State, 322 So.2d 551 (Fla. 1975). Here, the petitioner was neither a "graduate of a four year institution" nor "qualified for a degree with a major in accounting" as those words are commonly understood and defined.
Petitioner also questions the Board's discretion in determining what constitutes a passing score on an exam taken in another state. We are not required to reach this issue in deciding the case. Petitioner also asserts error regarding the Board's timely issuance of a written final order. We have considered this point and find it to be without merit.
Accordingly, the petition for certiorari is hereby denied.
LETTS and MOORE, JJ., concur.