Mr. John T. Parnham City Attorney City of Gulf Breeze 222 So. Tarragona, Suite 160 Post Office Box 631 Pensacola, Florida 32593
Dear Mr. Parnham:
This is in response to your request for an opinion on substantially the following question:
 IS A MUNICIPALITY REQUIRED UNDER THE PROVISIONS OF s 286.011(2), F.S., TO PROVIDE FOR PUBLIC INSPECTION A VERBATIM TRANSCRIPT OF ALL MEETINGS OF THE CITY COUNCIL?
Your question is answered in the negative.
Section 286.011(2), F.S., of the Government in the Sunshine Law, provides, in pertinent part, as follows:
 The minutes of a meeting of any such board or commission of any such state agency or authority shall be promptly recorded and such records shall be open to public inspection. . . . (e.s.)
The term `minutes' is not specifically defined in the Florida Statutes for the purposes of the above statutory provision. However, it is a basic rule of statutory construction that words in statutes should be given the meaning accorded to them in common usage unless a different connotation is expressed in, or necessarily implied from, the context of the statute. City of Winter Park v. Jones, 392 So.2d 568 (5 D.C.A. Fla., 1980); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950). Another rule of statutory construction provides that words of common usage, when used in a statute, should be construed in their plain and ordinary sense. Freedman v. State Board of Accountancy, 370 So.2d 1168 (4 D.C.A. Fla., 1979); Pedersen v. Green, 105 So.2d 1 (Fla. 1958). It does not appear from the context of the statute that the term `minutes' should be given a meaning different from that which has evolved from common usage and since words of common usage should be construed in their plain and ordinary sense, I resorted to several different dictionaries to ascertain if there is a consensus on the meaning of the word `minutes' and found that there does appear to be a consensus.
Webster's Third New International Dictionary of the English Language Unabridged, at page 1440, defines `minutes' as, interalia, a series of brief notes taken to provide a record of proceedings (as of an assembly or conference) or of transactions (as of the directors of a corporation); an official record of such notes. Black's Law Dictionary (Rev. 4th ed. 1968), at page 1149, defines `minutes' as memoranda or notes of a transaction or proceeding. The World Book Encyclopedia Ditionary, at page 1236, defines `minutes' as: `a. an official record of proceedings at a society, board, committee, etc. b. a rough draft or writtensummary; note; memorandum.' Finally, the term `minute' signifies a memoranda or draft, and, specifically, in the plural, the official records made of the transactions or proceedings at a meeting of an organized body. See, 58 C.J.S. Minute, page 810.
All of the above authorities, and others too numerous and repetitious to cite, define `minutes' to mean in essence, a brief summary or series of brief notes or memoranda of a proceeding or transaction. My research has failed to disclose any authority whose definition of the term `minutes' is construed to mean a word for word or verbatim transcript of a proceeding. It is therefore my opinion that the term `minutes' as used in s 286.011(2), F.S., means, as its common and ordinary usage exemplifies, a brief summary or series of brief notes or memoranda of the meeting. Cf., AGO 075-45, in which it was opined that sound recorders may be used to record public meetings in toto so long as the written minutes of such meetings are promptly recorded for public inspection as required by s 286.011, F.S., and the written minutes and tape or sound recordings are preserved, retained, and disposed of in compliance with the provisions of s 267.051, F.S. It should also be noted that any such tape or sound recording of a public meeting constitutes a public record within the definitional purview of s 119.011(1), F.S., and is thereby subject to public inspection under the provisions of s 119.07, F.S.
Moreover, had the Legislature intended by enactment of s286.011(2) to require that a verbatim record of a meeting be promptly recorded and open to public inspection, it could easily have done so by providing for the same instead of for `minutes.' By examining the provisions of s 286.0105, F.S., it becomes clearly evident that the Legislature realized the difference between a `verbatim record of the proceedings' and `minutes of a meeting.' Section 286.0105, F.S., provides, in pertinent part, that each entity subject to s 286.011, shall include in its notice of any meeting or hearing the advice that if a person decides to appeal any decision with respect to any matter considered at such meeting or hearing, he will need a record of the proceedings, and for that purpose, he may need to ensure that a `verbatim record of the proceedings is made, which record includes the testimony and evidence upon which the appeal is to be based.'
In summary, unless and until legislatively or judicially determined otherwise, it is my opinion that a municipality is not required under the provisions of s 286.011(2), F.S., to provide for public inspection a verbatim transcript of all meetings of the city council. However, pursuant to s 286.011(2), F.S., a municipality is required to promptly record and open to public inspection `minutes' of all meetings of the city council, i.e., a brief summary or series of brief notes or memoranda reflecting the events of the meetings.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General