**INDIANA BOARD OF CHIROPRACTIC EXAMINERS, Appellant (Defendant Below),**

v.

**Thomas A. CHAMBERLAIN, Appellee (Plaintiff Below).**

**No. 4–1084A288.**

Court of Appeals of Indiana, Fourth District.

July 30, 1986.

Rehearing Denied Sept. 25, 1986.

Linley E. Pearson, Atty. Gen., Robert K. Robisch, Deputy Atty. Gen., Indianapolis, for appellant.

Kenneth C. Kern, Kenneth C. Kern & Associates, Indianapolis, for appellee.

YOUNG, Presiding Judge.

The Indiana Board of Chiropractic Examiners appeals a trial court reversal of its decision denying Thomas Chamberlain a license by reciprocity to practice chiropractic.

The issues raised on appeal are:

1) Did the trial court err in concluding that the requirements of 846 IAC 1–4–2 were wrongly applied by the board in determining whether to grant Chamber-lain a license by reciprocity without an examination?

2) Did the trial court err in setting aside the board's decision?

We reverse the decision of the trial court and reinstate the decision of the board.

In 1984, Chamberlain, a chiropractor licensed in the state of Illinois, sought a license by reciprocity to practice chiropractic in Indiana pursuant to IND.CODE 25–10–1–5:

> Any applicant may, upon the payment of a fee established by the board, be granted a license, without an examination, providing that the applicant submits satisfactory evidence to the board that he has been licensed to practice chiropractic in another state under qualifications substantially equivalent to those specified in this chapter for a license to practice chiropractic.

Following a hearing on the matter the board denied Chamberlain's application. The board concluded that the Illinois exam taken by Chamberlain was not "substantially equivalent to the examination conducted in Indiana in subject matter, content and areas of study." 846 IAC 1–4–3. The board specifically found that Chamberlain had taken a written examination in Illinois which covered essentially all of the subjects covered in the written portion of the Indiana exam, 846 IAC 1–4–2(b), but that he had not taken an oral and practical exam, as required by 846 IAC 1–4–2(d):

> (d) In addition to the above written examinations, all applicants shall be required to pass an oral and practical clinical competency examination conducted by the board in at least, but not limited to the following areas:
>
> (1) manipulative technique;
>
> (2) use of standard diagnostic instruments, the use of which are taught at board-approved chiropractic colleges;
>
> (3) interpretation of x-rays.

The board further found that while written exams test knowledge, they do not test technique and application of knowledge.

Therefore, the board denied Chamberlain licensure without examination.[1]

Chamberlain sought judicial review in the Marion Superior Court. Following a hearing on the matter, the trial court made the following findings of fact and conclusions of law:

1. An applicant for an Indiana license to practice chiropractic by reciprocity, without examination, must prove he was licensed in a state with '... qualifications substantially equivalent to those specified ...' by I.C. 25–10–1.

2. Plaintiff, Thomas A. Chamberlain complied with the requirement hereinabove set forth.

3. The Defendant Board erroneously required the Plaintiff to take an examination—(Board finding # 13.)

4. The Board wrongly applied requirements of 846 IAC 1–4–2 in refusing to issue a license to the Plaintiff.

5. The action of the Board was in excess of statutory authority and short of statutory right.

6. The determination of the Board not to issue the Plaintiff a license without exam, by reciprocity, was arbitrary, capricious, and [sic] abuse of discretion and not in accordance with law.

The trial court remanded the case to the board with an order to issue Chamberlain a license.[2]

The board contends the trial court erred in concluding that the board wrongly applied the requirements of 846 IAC 1–4–2 in refusing to issue Chamberlain a license. The trial court focused on the following language in IC 25–10–1–5: "... licensed to practice chiropractic in another state under qualifications substantially equivalent to those specified *in this chapter* for a license to practice chiropractic." (Emphasis add-

ed.) The trial court reasoned that the phrase "in this chapter" precludes the board from applying its administrative rules found in 846 IAC. We disagree.

In order to determine whether the substantial equivalency test has been met, it is necessary to examine each qualification enumerated in chapter 1 of IC 25–10. Among other things, a prospective chiropractor must take and pass the Indiana chiropractic examination in order to be licensed in this state. IC 25–10–1–3. The only exception to the examination requirement is for applicants for licensure by reciprocity if those applicants can, pursuant to IC 25–10–1–5, demonstrate substantial equivalency between the qualifications under which they were admitted in the sending states and the qualifications specified in chapter 1 of IC 25–10. Since the examination is a qualification specified in chapter 1, the substance and form of the Indiana exam must be compared to that of the Illinois exam under which Chamberlain was licensed in order to determine whether the two are substantially equivalent.

It is impossible to make such a comparison without first referring to 846 IAC 1–4–2, which sets forth the required form for the Indiana exam as well as the subjects over which the applicants for licensure must be tested. Therefore, it was not only proper for the board to consider 846 IAC 1–4–2 in conjunction with IC 25–10–1–5, it was necessary for the board to consider it in order to accurately determine whether the two exams were substantially equivalent.[3]

The board next contends that its determination was supported by substantial evidence and was not arbitrary and capricious, and that the trial court therefore erred in setting it aside. Judicial review of an ad-

---

1. The record indicates that the board informed Chamberlain, prior to the hearing, that he would have to take the examination. Chamberlain took the exam, failed portions of it, and applied for a hearing to seek to establish his eligibility for licensure without examination.

2. The order has been stayed pending disposition on appeal.

3. The board's use of the language in 846 IAC 1–4–3, eg. that the examinations be substantially equivalent "in subject matter, content and areas of study," was not inappropriate since that section was adopted by the board pursuant to IND. CODE 25–10–1–1.5 in order to clarify IC 25–10–1–5.

ministrative agency's acts is limited. *State Board of Tax Commissioners v. Vermillion County Property Owners' Association* (1986), Ind.App., 490 N.E.2d 341, 345. A reviewing court is not to interfere with the acts of an agency which are within the scope of the agency's allowable discretion unless the acts are arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. *Riggin v. Board of Trustees* (1986), Ind.App., 489 N.E.2d 616, 625. The court may not substitute its own opinion for that of the agency, but instead must give deference to the agency's expertise. *Indiana State Board of Registration v. Meier* (1986), Ind.App., 489 N.E.2d 966, 970; *Metropolitan School District v. Mason* (1983), Ind.App., 451 N.E.2d 349, 353. The court may not overturn the expert conclusions of the agency merely because the court itself might have drawn a different conclusion from the evidence. *Indiana State Highway Commission v. Indiana Civil Rights Commission* (1981), Ind.App., 424 N.E.2d 1024, 1034.

The trial court determined that the board acted in an arbitrary and capricious manner in refusing to issue Chamberlain a license. An arbitrary and capricious act is one that is willful, unreasonable, and done without regard to the facts and circumstances of the case. *Riggin, supra* at 625. The board's decision was not unreasonable given the fact that Chamberlain testified that he had not taken any oral or practical examination in order to be licensed in Illinois. There is no evidence that the board has issued licenses to any other applicants who did not take an oral exam. Chamberlain's attorney, when asked by the trial court if any Illinois chiropractors had been admitted by reciprocity without exam in Indiana, stated that he knew of some. There was, however, no evidence as to identification of those applicants or what kinds of exams they took in order to be licensed in Illinois. Therefore, we find no evidence that the board acted in an arbitrary and capricious manner in denying Chamberlain a license.

Further, the board's denial of Chamberlain's application for a license without examination is supported by substantial evidence. "The substantial evidence standard authorizes a reviewing court to set aside [administrative] findings of fact when a review of the whole record clearly indicates that the agency's decision lacks a reasonably sound basis of evidentiary support." *Medical Licensing Board v. Ward* (1983), Ind.App., 449 N.E.2d 1129, 1136–1137 (citing *City of Evansville v. Southern Indiana Gas & Electric Co.* (1975), 167 Ind.App. 472, 485, 339 N.E.2d 562, 572). Substantial evidence requires something more than a scintilla and something less than a preponderance of the evidence. *State ex rel. Department of Natural Resources v. Lehman* (1978), 177 Ind.App. 112, 378 N.E.2d 31, 36. *See also Consolidated Edison Co. v. NLRB* (1938), 305 U.S. 197.

The board determined that the Illinois exam taken by Chamberlain was not substantially equivalent to the Indiana exam in subject matter, content, and areas of study. 846 IAC 1–4–3. "Substantially equivalent" means that which is equal in value in essential and material requirements. *Sutto v. Board of Medical Registration and Examination* (1962), 242 Ind. 556, 180 N.E.2d 533, 538. Chamberlain himself testified that his Illinois exam was written; he did not undergo an oral or practical exam. The board, in its expertise, found that written exams differ from oral and practical exams in that written exams do not test the applicants' techniques or ability to apply acquired knowledge. The board, in its expertise, concluded that Chamberlain did not meet the substantial equivalency of examination requirement and therefore denied Chamberlain licensure without examination. We conclude that the board's determination is supported by substantial evidence. The board, in its expertise, certainly knows better than we the importance of subjecting prospective chiropractors to oral and practical as well as written exams. We defer to the board's expertise in this area and conclude that the trial court should also have exercised such deference.

Accordingly, we reverse the decision of the trial court and reinstate the decision of the board.

MILLER and CONOVER, JJ., concur.