ANTOON, J.
A professional engineer who possesses a license to practice in another state can obtain a Florida engineering license by endorsement if he establishes, inter alia, that he has passed an out-of-state licensing examination that is substantially equivalent to the examination required by Florida law. See § 471.015(3), Fla. Stat. (1997).[1] The issue in this case is whether the Florida Board of Professional Engineers (Board) erred in denying James Ea-son’s application for licensure by endorsement. Finding no error, we affirm.
In 1988, Mr. Eason took a national engineering examination in Georgia. The examination was published by The National Council of Examiners for Engineering and Surveying, and was identical to the examination administered by the Board in Florida. Georgia, like Florida, required a minimum passing score of 70% on the Principles and Practices portion of the examination for licensure as a professional engineer. Mr. Eason received a raw score of 67%. However, because Mr. Ea-son had served in the armed forces, Georgia awarded him five additional points thereby increasing his total score to 72%. As a result of the award of the additional veterans’ preference points, Mr. Eason qualified to receive an engineering license in Georgia.
Nine years later, Mr. Eason applied in Florida for licensure by endorsement pursuant to section 471.015(3), Florida Statutes (1997). Upon review, the Board de *1137 nied his application finding that he was not eligible for licensure by endorsement because he had not scored 70% on the Georgia examination. Mr. Eason appealed the denial and the matter was presented for review to an administrative law judge. Based upon the undisputed facts, the administrative law judge set forth the following conclusions in a recommended order:
11. The Board interprets the term “substantially the same” to mean that the out-of-state examination must be equal to the Florida examination in all material respects. One such respect is that the raw scores attained by an out-of-state candidate must be equal to those required to achieve a passing grade in Florida. This means that a raw score of at least 70 is required on each part. See Rule 61G15-21.004(2), Florida Administrative Code. This interpretation of the law, while not favorable to petitioner’s cause, falls within the range of possible interpretations and is not clearly erroneous. See e.g. Dept. of Prof. Reg., Board of Medical Examiners v. Durrani, 455 So.2d 515, 517 (Fla. 1st DCA 1984).
12. The parties have stipulated that the criteria for licensure in both Georgia and Florida in 1988 were the same, that is, a candidate must have received a grade of 70 or above on the Principles and Practice portion of the examination. They have further stipulated that petitioner received a raw score of 67. Since he failed to obtain a raw score of a least 70, he did not pass an examination substantially equivalent to the Florida examination. Compare Stephen A. Cohen v. State Bd. of Accountancy, DOAH Case No. 80-2832 (Bd. of Accountancy, September 11, 1981); Freedman v. State Bd. of Accountancy, 370 So.2d 1168 (Fla. 4th DCA 1979); Sutto v. Board of Medical Registration and Examination, 242 Ind. 556, 180 N.E.2d 533 (1962)(the term “substantially equivalent” means “that which is equal in essential and material elements”). This being so, petitioner’s request for licensure by endorsement must be denied.
[[Image here]]
15. [Mr. Eason] contends that he is .entitled to licensure under the terms of section 471.015, Florida Statutes, which requires that the Board “license any applicant who ... has passed the (national) licensing examination.” Subsection (3)(a) of the same statute, however, requires that the national examination be “substantially equivalent to the examination required by s. 471.013.” Because the Georgia examination varies in a material respect from the Florida examination by allowing a veteran to receive a passing grade with a raw score as low as 65, the Georgia examination cannot be said to be “substantially equivalent.”
Mr. Eason challenges these conclusions, arguing that his raw score of 67% satisfies Florida’s licensure requirements. The heart of Mr. Eason’s argument lies in his insistence that, since he passed the Georgia examination which was identical to the Florida examination with a score of 72%, he is entitled to receive licensure by endorsement under section 471.015(3), Florida Statutes (1997). However, this argument is flawed because he actually scored only 67% on the George examination. While it is true that Mr. Eason was deemed to have achieved a passing score due to Georgia’s policy of awarding veterans’ preference points, the fact remains that his raw test score fell below the required minimum. There being no provision in Florida authorizing the award of veterans’ preference points, we find no error in the Board’s decision to deny Mr. Eason’s application for licensure by endorsement. See Guiseppe Pizzeria v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 472 So.2d 1331 (Fla. 3d DCA 1985).
AFFIRMED.
W. SHARP, and THOMPSON, JJ., concur.

. Section 471.015(3) of the Florida Statutes (1997), provides:
471.015 Licensure. -
[[Image here]]
(3) The board shall certify as qualified for a license by endorsement an applicant who: (a) ... has passed a United States national, regional, state, or territorial or foreign national licensing examination that is substantially equivalent to the examination required by s. 471.013, and has satisfied the experience requirements set forth in s. 471.013; or
(b) Holds a valid license to practice engineering issued by another state or territory of the United States, if the criteria for issuance of the license were substantially the same as the licensure criteria that existed in this state at the time the license was issued.