739 So.2d 1250 (1999)
Richard S. ESPINOZA, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Florida Board of Professional Engineers, Appellees.
No. 98-3077.
District Court of Appeal of Florida, Third District.
August 18, 1999.
Rehearing Denied September 29, 1999.
Richard S. Espinoza, in proper person.
Robert A. Butterworth, Attorney General, and Edwin A. Bayo, (Tallahassee), Assistant Attorney General, for appellee.
Before NESBITT, GERSTEN, and GODERICH, JJ.
NESBITT, J.
Richard S. Espinoza, a licensed engineer in Peru and Ecuador, argues that the Florida Board of Professional Engineers (Board) erred in denying his application for a Florida licensure by endorsement. Section 471.015(3) of the Florida Statutes (1997), provides in part:
471.015 Licensure. 
* * *
(3) The board shall certify as qualified for a license by endorsement an applicant who:

*1251 (a) ... has passed a United States national, regional, state, or territorial or foreign national licensing examination that is substantially equivalent to the examination required by s. 471.013, and has satisfied the experience requirements set forth in s. 471.013[.]
Thus, a professional engineer who possesses a license to practice in another country can obtain a Florida engineering license by endorsement if he establishes that he has passed another country's licensing examination that is substantially equivalent to the examination required by Florida law. The general rule is that, apart from statute, the burden of proof is on the party asserting the affirmative of an issue before an administrative tribunal. See Balino v. Department of Health & Rehabilitative Servs., 348 So.2d 349 (Fla. 1st DCA 1977). Furthermore, an applicant who seeks to establish that the initial review of his application was incorrect must show that the agency's initial decision was arbitrary and capricious. See Harac v. Department of Professional Regulation, 484 So.2d 1333, 1338 (Fla. 3d DCA 1986).
In the instant case, upon review of the denial of Mr. Espinoza's application in Florida for licensure by endorsement, the Board concluded that Mr. Espinoza did not demonstrate that the examinations taken in Peru and Ecuador were equivalent to National Council of Examiners for Engineers and Surveyors(NCEES) examinations. See Eason v. Department of Business and Professional Regulation, 732 So.2d 1136, 1137 (Fla. 5th DCA 1999)(citing Sutto v. Board of Medical Registration and Examination, 242 Ind. 556, 180 N.E.2d 533 (1962)(the term "substantially equivalent" means "that which is equal in essential and material elements")).
A review of the record shows the Board's decision was totally correct. Mr. Espinoza simply did not demonstrate his testing was the equivalent of that required by statute. There was no evidence of any exams taken by Mr. Espinoza in Ecuador. As to the tests taken in Peru, the record demonstrates that Mr. Espinoza has not taken a foreign national licensing examination, but rather only the examinations that were part and parcel of his engineering education. Furthermore, as the agency argued, there was absolutely no documentation to establish the length of the exams taken, the subject matter covered, the conditions under which the exams were taken, the grading criteria, or the passing scores. Thus, the record is devoid of the evidence that would reasonably demonstrate the equivalency of those examinations to the national licensure examinations required in Florida.
Accordingly the order under review is affirmed.