# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0337
Lower Tribunal No. 20-248 AP
_____

**Terry Henley,**
Petitioner,

vs.

**City of North Miami,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Lisa S. Walsh, and Maria de Jesus Santovenia, Judges.

The Amlong Firm, and William R. Amlong and Jennifer Daley (Fort Lauderdale), for petitioner.

Weiss Serota Helfman Cole & Bierman, P.L., and Laura K. Wendell and Richard B. Rosengarten, for respondent.

Before MILLER, LOBREE and BOKOR, JJ.

PER CURIAM.

Denied. See Miami-Dade County v. Omnipoint Holdings, Inc., 863 So. 2d 195, 199 (Fla. 2003) ("[Second-tier certiorari review is] limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law."); Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1093 (Fla. 2010) ("[A] circuit court appellate decision made according to the forms of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to facts, is not a departure from the essential requirements of law remediable by certiorari.") (emphasis omitted); Miami-Dade County v. Snapp Indus., Inc., 319 So. 3d 739, 741 (Fla. 3d DCA 2021) (concluding the circuit court applied the correct law despite the county's argument that the circuit court reweighed the evidence presented at the evidentiary hearing); see also Espinoza v. Dep't of Bus. & Pro. Regul., 739 So. 2d 1250, 1251 (Fla. 3d DCA 1999) ("The general rule is that, apart from statute, the burden of proof is on the party asserting the affirmative of an issue before an administrative tribunal.").